OPINION
{¶ 1} This is an appeal from a decision of the Probate Division of the Tuscarawas County Common Pleas Court which approved a magistrate's decision. No objections to the magistrate's recommendations were filed.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Mildred I. Mizer died May 18, 2000, leaving five children as next-of-kin, three of which are Donald Mizer, Larry Mizer and Elaine Gardner.
{¶ 3} In 1996, she had transferred 77.24 acres to Donald Mizer, son and his wife, Lucinda and Larry Mizer, son, receiving in return a note and mortgage. The mortgage was recorded in Vol. 744 page 36, of the Tuscarawas County mortgage records. The note called for interest at six percent and was payable on demand.
{¶ 4} The real estate was subsequently divided and ultimately Elaine Gardner became the owner of an undivided one-half interest in 66.533 acres subject to the $90,000.00 mortgage, the share of Larry Mizer being assumed and Larry Mizer being possessed of 9.225 acres.
{¶ 5} The other undivided one-half interest in the 66.533 acres was owned at the death of his mother by Donald Mizer and his wife, Lucinda. Subsequent transfers occurred during the administration of the estate and the mortgage was canceled of record.
{¶ 6} Elaine Gardner became the estate fiduciary and did not indicate her indebtedness to the estate.
{¶ 7} Certain exceptions were filed in the estate as to the handling thereof by such fiduciary.
{¶ 8} Upon hearing, the magistrate addressed such and also decided other motions which had been filed, and also recommended removal of Elaine Gardner as Executrix with Attorney James Ong substituted as fiduciary.
{¶ 9} The four Assignments of Error are:
 ASSIGNMENTS OF ERROR
{¶ 10} "I. The exceptors to the final account have failed to set forth `specific' exceptions.
{¶ 11} "II. The probate court does not have jurisdiction to render a declaratory judgment as to the validity or enforceability of a contract provided for a division of the testator's estate different from that provided in the will.
{¶ 12} "III. The probate court appointed James L. Ong, an attorney as administrator with will annexed without notice and without a hearing.
{¶ 13} "IV. The trial court erred and abused its discretion by removing the executrix without conducting an evidentiary hearing thereby denying the appointed fiduciary due process of law."
 I.
{¶ 14} The First Assignment of Error asserts insufficiency in the exceptions to the account.
{¶ 15} R.C. 2109.33 provides in part:
{¶ 16} "Any person interested in an estate or trust may file exceptions to an account or to matters pertaining to the execution of the trust. All exceptions shall be specific and written. Exceptions shall be filed and a copy of them furnished to the fiduciary by the exceptor, not less than five days prior to the hearing on the account. The court for cause may allow further time to file exceptions. If exceptions are filed to an account, the court may allow further time for serving notice of the hearing upon any person who may be affected by an order disposing of the exceptions and who has not already been served with notice of the hearing in accordance with this section."
{¶ 17} The exceptions to the account stated:
{¶ 18} "Now comes Donald C. Mizer and Larry Mizer, by and through their attorney, Brad L. Hillyer, and hereby files Exceptions to the Fiduciary's Account filed by the Executrix Elaine E. Gardner for the reason that the Fiduciary's Account lists the sale of real estate when in fact no real estate was ever sold by the estate nor owned by the estate. The Fiduciary's Account is completely incorrect regarding real estate and makes the provision of distribution incorrect as to some of the beneficiaries. The parties respectfully request that this matter be set for hearing so that the Executrix can explain the discrepancies in the accounting."
{¶ 19} We find that, as no real estate was properly a part of the estate, but only the $90,000.00 mortgage and accrued interest, the exceptions were sufficiently specific in that a purchase of 36.113 acres by Donald Mizer and of 31.015 acres by Denise Miskimen was incorrectly listed. Also, the note and mortgage were erroneously listed as a deduction as were certain equipment purchases, conveyance taxes, recording costs, real estate taxes and survey costs, all of which affected the share distributions.
{¶ 20} Therefore, the First Assignment is not well taken and is denied.
 II, III, IV
{¶ 21} We shall address the Second, Third and Fourth Assignments together as each relate to the magistrate's findings and decisions and our conclusions overlap and interrelate thereto.
{¶ 22} R.C. 2101.24(A)(1), (b), (c), (l) and (m) provides:
{¶ 23} "(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:"
{¶ 24} * * * *
{¶ 25} "(b) To grant and revoke letters testamentary and of administration;
{¶ 26} "(c) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates;"
{¶ 27} * * * *
{¶ 28} "(l) To render declaratory judgment, including, but not limited to those rendered pursuant to section 2107.084 of the Revised Code;
{¶ 29} "(m) To direct and control the conduct of fiduciaries and settle their accounts."
{¶ 30} Such statutory provisions are of importance as to these Assignments of Error.
{¶ 31} The Second Assignment questions the court's authority in declaratory judgment to rule on the enforceability of a contract, the provisions of which differ from the Will. Zuendel v. Zuendel (1992),63 Ohio St.3d 733, is correctly cited for such proposition.
{¶ 32} However, such case has no direct application but may be indirectly applicable due to the extensive findings and recommendations of the magistrate relating to the real estate which was non-existent at the death of Mildred Mizer.
{¶ 33} Item II of the Will of the decedent provided for an equal division of the estate among her five children.
{¶ 34} If the magistrate had solely directed his attention to the mortgage balance due and the distribution of the proceeds equally among the children rather than incorrectly being concerned with the various transfers of real estate between some of the children, we could easily determine and still so conclude that no distribution different from the Will is necessarily being made.
{¶ 35} However, in order to clarify the issues, we must state the following and then refer to the approved findings and recommendations of the magistrate.
{¶ 36} The only asset relating to the real estate was the mortgage indebtedness. The transfers before and during the estate administration have nothing to do with the estate. Those persons indebted to the estate on such remain indebted and the "save harmless" provisions are only applicable to the parties thereto. The receipt of the mortgage proceeds with interest, and the cancellation of the mortgage without payment are well within the purview to the court and require examination. This is true also as to the omission by the executrix of her indebtedness to the estate as required by Probate Form 4.
{¶ 37} R.C. 2109.44 also applies to fiduciary dealings with the estate being administered.
{¶ 38} While the failure to object to a magistrate's decision normally would close such issues, the overriding statutory provisions as to the obligations of the Probate Court require examination by this Court.
{¶ 39} Both the magistrate's decisions of May 7, 2003 and March 26, 2004, contain numerous findings and conclusions which are erroneous as they examine in depth the various real estate transfers. Only the note as secured by the mortgage are estate assets within the jurisdiction of the court. No need to seek Probate Court approval of real estate transfers was needed as these did not affect the indebtedness to the estate.
{¶ 40} Going now to the removal of the Executrix, R.C. 2101.24(b) clearly gives this authority to the court. However, R.C. 2109.24 provides in part:
{¶ 41} "The court may remove any such fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."
{¶ 42} Also, R.C. 2113.05 provides in part:
{¶ 43} "If no executor is named in a will and no power as described in section 2107.65 of the Revised Code is conferred in the will, or if the executor named in a will or nominated pursuant to such a power dies, fails to accept the appointment, resigns, or is otherwise disqualified and the holders of such a power do not have authority to nominate another executor or no such power is conferred in the will, or if such a power is conferred in a will but the power cannot be exercised because of the death of a holder of the power, letters of administration with the will annexed shall be granted to a suitable person or persons, named as devisees or legatees in the will, who would have been entitled to administer the estate if the decedent had died intestate, unless the will indicates an intention that the person or persons shall not be granted letters of administration. Otherwise, the court shall grant letters of administration with the will annexed to some other suitable person."
{¶ 44} In this case sub judice, the notice was lacking and Attorney Ong was appointed rather than consideration to the children other than the executrix or those indebted to the estate. However, the use of the word "suitable" in R.C. 2113.05 grants discretion as to appointment to the court. In Re Estate of Henne (1981), 600 Ohio St.2d 232.
{¶ 45} This was erroneous.
{¶ 46} Also, Mr. Ong was instructed to analyze market value of the real estate transfers. As stated, these transfers are outside of the court's jurisdiction.
{¶ 47} We therefore sustain in part Assignments Two, Three and Four and remand this cause for an appropriate determination of the debt due the estate and the division thereof. Further, notice of removal of the Executrix prior thereto must be issued with an opportunity to respond.
{¶ 48} This cause is affirmed in part, reversed in part and remanded.
Boggins, P.J., Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed in part, reversed in part and remanded. Costs to be divided between Appellant and Appellee.