OPINION
{¶ 1} Elaine Gardner appeals a judgment of the Court of Common Pleas, Probate Division, of Tuscarawas County, Ohio, which removed her from her position as Executor of the Estate of Mildred I. Mizer and sustained objections to her inventory and accounting of the estate's assets and disbursements. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN AFFIRMING THE MAGISTRATE'S DECISION OF AUGUST 3, 2005 AS TO FINDINGS OF FACT AND CONCLUSIONS OF LAW 29 AND 39 WHICH WERE CONTRARY TO THE EVIDENCE ADDUCED BEFORE THE MAGISTRATE AND CONTRARY TO LAW.
 {¶ 3} "II. THE COURT ERRED IN AFFIRMING THE MAGISTRATE'S DECISION OF DECEMBER 2, 2005, THAT FINDINGS OF FACT NOS. 1, 2, 3, 4, AND 5 WERE CONTRARY TO THE EVIDENCE ADDUCED AND CONTRARY TO LAW.
 {¶ 4} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE OBJECTIONS BY THE EXCEPTORS TO THE FINAL ACCOUNT AND APPOINTING DENISE MISKIMEN AS ADMINISTRATOR WITH WILL ANNEXED."
 {¶ 5} In 1996, Mildred Mizer transferred 77.24 acres to her sons Larry and Donald, receiving a note and mortgage in return. The principle on the mortgage was $90,000, and the note called for interest at 6%, payable on demand. Mizer had three other children: appellant, Denise, and Janice.
 {¶ 6} Thereafter, Larry separated 9.225 acres from the tract, becoming sole owner of the smaller tract and retaining a one half interest in the larger parcel. Larry later conveyed this one half interest in the larger parcel to appellant.
 {¶ 7} Mildred Mizer died May 18, 2000. Mizer's Last Will and Testament provided all the assets in which she had an interest at the time of her death shall be shared equally amongst her children. Appellant was appointed Executor of the Estate.
 {¶ 8} At the time decedent died, appellant was the owner of an undivided one-half interest in 66.533 acres, subject to the $90,000 mortgage. After decedent's death, the property was divided and changed hands again, with Denise and Donald ultimately owning portions of the original parcel. No one had made any payments on the mortgage prior to decedent's death, and Donald, Denise, and possibly Larry had not paid in full for the portions of the property with which they ultimately ended up after she died. Instead the parties apparently agreed to settle up with one another out of their shares of the estate.
 {¶ 9} Appellant distributed the assets of the estate unequally, giving no money to Donald and Denise but allowing an offset for the purchase price of their respective properties. Appellant, Larry, and Janice received cash distributions. All this was ostensibly in an attempt to make everyone whole. Appellant forgave herself on her share of the mortgage, because she had sold all her interest in the property after decedent died. Appellant never disclosed she had been indebted to the estate. The probate court was not made aware of any of the real estate transfers occurring after decedent's death, or how the transfers affected the indebtedness on the mortgage. Appellant filed her accounting, which did not reflect the real distribution but rather stated each heir had received an equal share. Some of the other heirs filed exceptions to the accounting. The magistrate to whom the matter was referred rendered a decision which was adopted by the trial court. This decision addressed the various real estate transfers, ordered the property appraised, and removed appellant as Executrix.
 {¶ 10} The case was appealed to this court in In the Matterof the Estate of Mildred I. Mizer, Tuscarawas App. No. 2004AP040035, 2005-Ohio-862. In this first appeal, we found appellant had not received the ten day notice required by R.C.2109.24, before being removed. This court also found because decedent had sold the property before her death, the real estate transfers were outside the probate court's jurisdiction, and only the mortgage was an asset of the estate. We reversed the decision in part, and remanded the action to the trial court with instructions to determine who owed on the mortgage, and how much, at the time decedent died. We also found appellant was entitled to notice and the opportunity to respond before the court removed her as executor.
 {¶ 11} On remand, the magistrate issued two decisions, both of which were adopted by the trial court over various objections. The magistrate listed the funds appellant actually collected, and the claims she paid. It appears there was also some property collected and disbursed in kind. The magistrate determined each heir's equal share of the estate, and found any debts one might owe to another must be settled outside the probate court. The magistrate found appellant had no right to offset money one heir owed to another, but should have collected on the mortgage and then disbursed the funds equally.
 {¶ 12} The magistrate found appellant improperly forgave her own share of the note and did not disclose her indebtedness to the estate. The magistrate found appellant could no longer serve as executor, and would not be entitled to any additional commissions or attorney fees. The court named Denise administrator with the will annexed.
 I. II. {¶ 13} First appellant argues the findings of fact and conclusions of law number 29 and 39 are contrary to the evidence. As appellee notes, there is no finding 39, and presumably, appellant refers to finding number 30. In her second assignment of error, appellant argues the magistrate's findings of fact number 1, 2, 3, 4, and 5 were contrary to the evidence adduced, and contrary to law. Again, as appellee points out, the findings of fact and conclusions of law are not numbered, but appellant's challenges to the findings are clear from her brief.
 {¶ 14} Finding number 29 states each of the siblings may have personal claims against the other, but those various claims are not a part of the estate administration. Finding number 30 states appellant had continuously failed to keep her roles as fiduciary, debtor to the estate, and private landowner separated. She failed to properly collect on the note and instead had attempted to resolve the personal claims amongst the various heirs. The magistrate found appellant had also failed to invest large sums of estate money in interest bearing accounts.
 {¶ 15} The court found the various siblings mistrusted one another and there was an unexplained shortfall in the collection and disbursement of funds. The court also found appellant's personal interests conflicted with those of the estate. The magistrate concluded appellant had made significant errors in the collection of estate assets, management of estate assets, distribution of the assets, and accounting for her administration as executor.
 {¶ 16} The magistrate found appellant did not purposely intend to err in her administration, but she and two other siblings have received more than their equal shares, to the detriment of the two remaining siblings. The court found appellant had substituted her desire for enforcement of the private contracts in place of her duty to collect the principle and interest owned on the note.
 {¶ 17} The court cited R.C. 2109.24, which allows the court to remove a fiduciary for neglect of duty, fraudulent conduct, or because the interest of the estate demands it. The court also cited R.C. 2113.18, which provides the court may remove an executor or administrator if there are unsettled claims existing between her and the estate which may become the subject of controversy or litigation. The court found although appellant had not acted with malice, nevertheless, the account she filed with the court was fraudulent because it did not reflect the actual receipts and disbursements. The court found appellant had also engaged in various acts of neglect of duty related to collection of the estate assets, and failing to invest large sums of money. The court also found appellant owes a large sum of money to the estate in reimbursement of what she had overpaid herself, which could be the subject of litigation. The court concluded appellant should be removed as Executor.
 {¶ 18} Our standard of reviewing an allegation a court's judgment is contrary to the evidence is to determine if the judgment is supported by some competent and credible evidence going to all the essential elements of the case, C.E. MorrisCompany v. Foley Construction Company (1978),54 Ohio St. 2d 279. We have reviewed the record, and we find the court's judgment is supported by competent and credible evidence going to each of the elements.
 {¶ 19} Appellant also urges the court's decision was contrary to law. When an appellate court is presented with a purely legal question, we review the matter de novo, Eagle v. Fred MartinMotor Company, 157 Ohio App. 3d 150, 2004-Ohio-829. Our review of the record leads us to conclude the court made no error of law.
 {¶ 20} The removal of an Executor rests within the sound discretion of a trial court, and this court may not reverse the decision absent a clear showing of abuse of discretion, Pio v.Ramsier (1993), 88 Ohio App. 3d 133. Because we find no error of fact or law in the court's stated reasons, we also find the court's decision to remove appellant as executor was not an abuse of discretion.
 {¶ 21} The first and second assignments of error are overruled.
 III. {¶ 22} In her third assignment of error, appellant argues the court should not have sustained the objections to the inventory and accounting, and should not have appointed Denise administrator of the will. Appellant argues a complaint or motion for the removal of an Administrator or Executor must state the facts which constitute the alleged clause, and not simply allege mismanagement, maladministration or misapplication of the funds in general.
 {¶ 23} We have reviewed the objections, and find they are sufficiently specific to give notice of the cause for removal of the Administrator/Executor, particularly in light of all the preceding litigation which highlighted the problems associated with appellant's activities as Executor. The Will nominated decedent's son Larry as the alternative Executor, but he did not apply for appointment. Denise did move the court to appoint her as administrator with the will attached and Larry did not object.
 {¶ 24} Appellant also argues the new administrator with the will annexed is also indebted to the estate on the mortgage, and thus is not qualified to administer the will. We find the probate court is painfully aware of the parties' circumstances and has authority to supervise the administrator.
 {¶ 25} A review of the record leads us to conclude the trial court did not abuse its discretion in this case.
 {¶ 26} The third assignment of error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Tuscarawas County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Tuscarawas County, Ohio, is affirmed. Costs to appellant.