## In the Matter of Estate of Russolillo

*[Cite as 7 AOA 419]*

*Case No. 89AP-1201*
*Franklin County, (10th)*
*Decided September 18, 1990*

*Tobias H. Elsass, T. H. Elsass Co., L.P.A, for Appellees.*

*John G. Poulos, for Appellant.*

BOWMAN, J.,

Michael P. Russolillo, Sr. ("decedent"), died on August 15, 1987. His will, dated April 3, 1986, was admitted to probate on August 19, 1987. The decedent's will gave, devised and bequeathed all of his real and personal property to his son, Michael Russolillo, Jr. ("Russolillo"), and further appointed him executor of his estate. The will specifically disinherited decedent's two daughters, Barbara Caborn and Michelle Storey, and provided that, if Russolillo did not survive the decedent, then he gave, devised and bequeathed all of his real and personal property to his brother, Joseph Russolillo, and appointed Joseph Russolillo as the alternate executor.

On September 10, 1987, at the hearing to admit the will to probate, Caborn and Storey objected to Russolillo's appointment as executor. After hearing the evidence, the court ruled that Russolillo was a proper person to serve as executor and, thereafter, he was appointed the executor of the estate of the decedent. On November 16, 1987, Caborn and Storey filed a motion to remove Russolillo as the duly appointed executor of the estate and, after hearing evidence, the court found that Russolillo was performing his fiduciary duties and overruled the motion.

On January 6, 1988, Caborn and Storey filed a complaint to contest the decedent's will, alleging that Russolillo exercised undue influ-

ence over the decedent at the time the decedent executed his will. On January 29, 1988, Caborn and Storey filed another motion to remove Russolillo as the executor, alleging that it was inappropriate for Russolillo to hold his office when he was alleged to have exercised undue influence over the decedent. After an oral hearing before a referee, the referee, found that Russolillo was performing his duties and the motion was denied.

On April 25, 1988, counsel for Caborn and Storey served a subpoena duces tecum on the Ohio State University Hospitals Medical Records Department, St. Ann's Hospital Medical Records Department, St. Anthony's Medical Center Medical Records Department and Doctor's Hospital West Medical Records Department, requesting that all medical records of the decedent from October 2, 1975 to the present be provided for their inspection. On May 2, 1988, Russolillo filed a motion to quash the subpoena duces tecum and a motion for protective order preventing discovery of the decedent's medical records as a privileged communication between physician and patient, pursuant to R.C. 2317.02. After a hearing on the motions, the court issued a decision allowing discovery of the decedent's medical records. Russolillo appealed this decision to this court and we affirmed the trial court's decision and permitted discovery of the decedent's medical records. However, this court stated:

"*** We reiterate that our decision allowing discovery of decedent's hospital records does not waive the physician-patient privilege which defendant has claimed. The privileged matters obtained through discovery shall continue to be protected and may not be introduced into evidence at trial until such time as defendant, expressly waives the physician-patient privilege."

On March 17, 1989, Caborn and Storey again moved for the removal of Russolillo as executor, citing his neglect of duty and harm to the estate occasioned by his failure to cooperate in resolving the will contest. On May 12, 1989, the trial court removed Russolillo as executor, stating that his refusal to waive the physician-patient privilege demonstrated bias on his behalf. In addition, the court stated that if Russolillo had not exercised undue influence over the decedent, he was now attempting to use his office as executor to further his improper conduct. The court also believed that, by invoking the physician-patient privilege, Russolillo was using his office to further his own personal interests. As a result, the court was of the opinion that justice would be best served if Russolillo was removed from his office. Russolillo now brings this appeal and asserts the following assignment of error:

"THE PROBATE COURT ERRED IN REMOVING MICHAEL P. RUSSOLILLO, JR. AS EXECUTOR OF THE ESTATE OF MICHAEL P. RUSSOLILLO, SR., FOR THE REASON THAT THE EXECUTOR WOULD NOT EXPRESSLY WAIVE FOR TRIAL THE PHYSICIAN PATIENT PRIVILEGE AS PROVIDED UNDER OHIO REVISED CODE SECTION 2317.02."

In his assignment of error, appellant asserts that the probate court erred in removing him as executor because he would not waive the physician-patient privilege for trial.

R.C. 2109.24 provides:

"The court may remove any such fiduciary, after giving such fiduciary not less than ten days' notice for habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."

The removal of the fiduciary, pursuant to R.C. 2109.24, rests within the sound discretion of the trial court and a reviewing court will not reverse that decision absent a clear showing of abuse of that discretion. *In re Estate of Jarvis* (1980), 67 Ohio App. 2d 94. See, also, *In re Estate of Bost* (1983), 10 Ohio App. 3d 147. An abuse of discretion connotes more than an error of law of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Beacon Journal Pub. Co. v. Stow* (1986), 25 Ohio St. 3d 347.

In *In re Estate of Paull* (1950), 90 Ohio App. 403, the court held that, where an application is filed for the removal of a fiduciary, the fiduciary is entitled to receive not less than ten days notice thereof and is further entitled to a hearing upon the charges made therein. In such a case, it is the duty of the court to receive and hear all relevant and proper evidence proffered upon the issues made by the claims and denials of the respective parties.

In this case, the probate court did not hold a hearing on Caborn and Storey's motion to remove Russolillo as the executor of the estate. Consequently, this court must conclude that there was no evidence before the court in support of the application for removal upon which

the court could base its judgment. Although refusing to waive the physician-patient privilege may be a basis for removing an executor, the reasons the probate court gave for its decision to remove Russolillo could only be based on information gleaned from a hearing on the motion. In this case, since no evidentiary hearing was held, there was nothing on which the probate court could base its decision and, as a result, it was prejudicial error to cause Russolillo to be removed without according him a hearing and an opportunity to present evidence on the issues involved. This court finds that the trial court abused its discretion in granting Caborn and Storey's motion to remove Russolillo as executor without holding a hearing.

Accordingly, Russolillo's assignment of error is well-taken and is sustained. The judgment of the Franklin County Probate Court is reversed and this cause is remanded with instructions for the probate court to hold a hearing on Caborn and Storey's motion to remove Russolillo as executor.

*Judgment reversed and cause remanded with instructions.*

YOUNG and KOEHLER, J.J., concur.

KOEHLER, J., of the Twelfth Appellate District, sitting by assignment in the Tenth Appellate District.