DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Probate Division. Because the trial court did not abuse its discretion in denying appellant's motion to remove the executrix of the estate in the present case, we affirm.
This is the second time that appellant, Larry N. Morgan, brings an appeal before this court that involves the administration of the estate of Roberta Honaker Morgan, his deceased spouse. Thus, for an extensive discussion of the facts and procedural history of this cause, we refer the reader to our previous decision. See In re Estate of Honaker
(January 12, 2001), Lucas App. No. L-00-1186, unreported ("Honaker I").
In her will, the decedent, Roberta Honaker Morgan designated appellee, Linda Honaker, as executrix of her estate. After Roberta's death, Linda, who is one of Roberta's daughters, filed her mother's will for probate and was appointed executrix. Appellant elected to take against the will. He subsequently filed an application for the distribution of certain real property located in another county that was part of the estate. This property was already subject to a foreclosure action in the court of common pleas of that other county. For this reason, the Lucas County probate court found that it lacked the jurisdiction to entertain appellant's application. This was the judgment appealed and affirmed inHonaker I.
In addition to his application for the distribution, appellant also filed, pro se, a motion to remove Linda Honaker as the executrix and her attorney, Philip L. Schmidt, as "administrator" of Roberta's estate. Appellant maintained that the pair disposed of property "located in Galion, Ohio, where there was no enforceable lien against said property and whereas there was no action on behalf of Roberta Morgan [sic] estate * * *." Appellant further maintained that Linda wrongfully paid the decedent's funeral expenses from the assets of the estate because the executrix had agreed to assume those expenses as a personal obligation.
In her response, Linda asserted that she merely exercised her authority to settle the estate and that the property in question was the subject of a foreclosure in Crawford County, Ohio. She also cited to relevant statutory sections governing the payment of a decedent's funeral expenses. Philip Schmidt indicated that he is Linda Honaker's attorney, not the administrator of Roberta's estate.
At the hearing on this matter, Linda Honaker informed the court that the mortgagee foreclosed on the property named by appellant in his motion. Finding that the appraised value of the property was approximately the same as the amount owed on the mortgage, Linda, in her capacity as executrix of the estate and upon the advice of counsel, offered the mortgagee the title to the property to settle the debt and save the estate the expenses of litigation. The mortgagee accepted the offer, took title to the property and dismissed the foreclosure action.
Appellant admitted that he was served notice of the foreclosure proceedings and filed an answer, but claimed that the mortgagee failed to notify him of the dismissal of its suit. Appellant neither argued nor offered evidence of the alleged promise on the part of the executrix to assume the responsibility for the payment of the decedent's funeral expenses. He also failed to offer any evidence showing that Philip Schmidt held any other status than counsel for Linda Honaker.
In his decision denying appellant's motion, the magistrate found that Linda, in her capacity as executrix, had the authority under Roberta's will to settle the claim against estate property. The magistrate also noted that the property in question did not involve the mansion house. Appellant filed objections addressing only the question of Linda's authority to dispose of the property in Crawford County; they were overruled by the probate court which adopted the magistrate's decision. Appellant appeals that judgment and sets forth the following assignment of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT DUE PROCESS AND EQUAL PROTECTION TO [sic] THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND BY [sic] ARTICLE 1 [sic], SECTION 10 OF THE OHIO CONSTITUTION."
The sole issue in this appeal is whether the trial court abused its discretion in denying appellant's motion to remove Linda Honaker as the executrix of her mother's estate. See In re Estate of Russolillo
(1990), 69 Ohio App.3d 448, 451 (Removal of a fiduciary is discretionary with the probate court and an order removing a fiduciary will not be overturned on appeal absent a clear showing of an abuse of discretion.). An abuse of discretion is something more than an error of law or judgment; it requires that the court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
As it is material to this case, R.C. 2113.18(A) allows the probate court to remove an executrix "* * * if there are unsettled claims existing between [her] and the estate, which the court thinks may be the subject of controversy or litigation between [her] and the estate or persons interested therein." Additionally, as the executrix of her mother's estate, Linda is a fiduciary for purposes of R.C. 2109.24. R.C. 2109.01. R.C. 2109.24 reads, in part:
 "The court may remove any such fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."
The record of the instant case fails to disclose any evidence of an unsettled existing claim between Linda and her mother's estate. Furthermore, Linda did not engage in any of the conduct specified in R.C. 2109.24. Roberta's will grants the executrix the "full power and authority" to sell and convert any part or all of the decedent's real or personal property and "to perform every act and thing which she may deem necessary and proper to be done in order to completely settle and adjust all the business and affairs" of Roberta's estate. Moreover, the will grants Linda these powers and authority to act "without the aid, authorization, intervention or approval of any court or courts whatsoever." Such a power may be validly given. See R.C. 2113.39. Accordingly, the trial court did not abuse its discretion in denying appellant's motion to remove Linda as the executrix of her mother's estate. Appellant's sole assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant, Larry N. Morgan, is ordered to pay the costs of this appeal.
James R. Sherck, J., Richard W. Knepper, J. CONCUR.