OPINION
{¶ 1} This is an appeal from an order of the Probate Court removing aguardian of a Ward's estate and awarding additional compensation to theguardian of the Ward's person for her services.
 {¶ 2} The Ward, F. Alberta Walther, is eighty-nine years of age andinfirm. In July of 2001, the Probate Court appointed Attorney William R.Coen guardian of Mrs. Walther's estate and appointed Tracie Candela,Mrs. Walther's granddaughter, guardian of her person.
 {¶ 3} Tracie Candela took Mrs. Walther into her home to care for her.Ms. Candela and Mr. Coen agreed that Tracie Candela would be paid onethousand dollars per month for her services. After approximately fourmonths, Ms. Candela realized that her grandmother required more care thanMs. Candela could provide. Mrs. Walther was then returned to her own homeunder the care of her son, Jerry Walther.
 {¶ 4} Disputes developed concerning Jerry Walther's care of his motherand several motions were filed by Tracie Candela in that connection. Thisappeal concerns two that the Probate Court granted: a request foradditional compensation for the care she had provided Mrs. Walther and amotion to remove William R. Coen as guardian of Mrs. Walther's estate.
 {¶ 5} The motions were referred to a magistrate of the Probate Courtwho, after a hearing, awarded Tracie Candela an additional $4,000 for herservices and ordered that Mr. Coen be removed as guardian of Mrs.Walther's estate. The trial court adopted the magistrate's decision. Mr.Coen filed objections, which were overruled. Mr. Coen appeals.
 FIRST ASSIGNMENT OF ERROR {¶ 6} "The trial court erred in awarding compensation in addition toamount contracted for and in addition to amount sought."
 {¶ 7} William Coen paid Tracie Candela approximately $4,000 pursuantto their agreement concerning her care of Mrs. Walther. Candela sought anadditional amount from the Probate Court. The magistrate found that Ms.Candela is entitled to an additional $4,000 for her services, noting"that at the time that Tracie Candela cared for Mrs. Walther she had24-hour-per-day responsibility. Mr. Coen was paying her for herresponsibility of the care of F. Alberta Walther, the preparation ofmeals, cleaning up after F. Alberta Walther's incontinence, laundry ofF. Alberta Walther, seeing to her daily needs, at $1.39 per hour. Inaddition thereto, Tracie Candela had additional expenses of food, housingand utilities as a result of caring for the ward."
 {¶ 8} Appellant Coen does not explain how the trial court erred whenit adopted the magistrate's decision. He suggests that the additionalamount ordered is excessive and/or barred by his prior agreement withMs. Candela.
 {¶ 9} The Probate Court is charged by law to appoint guardians for theperson, or the estate, or both, of minors and incompetent persons. R.C.2111.02(A). Compensation of guardians is set by local rule, except thatadditional compensation may be allowed for extraordinary services andreimbursement upon proper application. Sup.Ct. R. 73. Appellant does notcontend that these requirements were not satisfied.
 {¶ 10} The Probate Court acted pursuant to the discretion conferred onit when it allowed Tracie R. Candela additional compensation as guardianof the person of F. Alberta Walther. No abuse of discretion isdemonstrated.
 {¶ 11} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 12} "The trial court erred in awarding compensation to includeattorney fees without proper supporting evidence."
 {¶ 13} Tracie Candela testified that she had paid her attorney $1,500for his services in prosecuting her applications to the Probate Court foradditional compensation and to remove Mr. Coen as guardian of theestate. (T. 10). Appellant Coen complains that because Ms. Candela failedto prove that her attorney's hourly rate and services were reasonable,the trial court erred in awarding Tracie Candela $1,500 as and forattorney fees.
 {¶ 14} The trial court adopted the magistrate's decision as thecourt's own order. The magistrate awarded Tracie Candela an additional$4,000 for her services as guardian. The decision contains no award ofattorney fees. Appellant argues that an award of $1,500 for that purposeis necessarily a part of the $4,000 that Tracie Candela was awarded.
 {¶ 15} We are authorized to affirm, reverse, or modify final judgmentsand orders with respect to the relief granted. Absent an award ofattorney fees, as such, there is no relief in that respect for us toreview.
 {¶ 16} The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 17} "The trial court failed to grant a new trial after admittingevidence of irrelevant matters and exhibit."
 {¶ 18} As will be more fully discussed under the next assignment oferror, Tracie Candela sought to remove Mr. Coen as guardian of F. AlbertaWalther's estate for an alleged conflict of interest arising from hisformer representation of Jerry Walther in several prior legal matters.The evidence of which Appellant complains concerns one of those matters.
 {¶ 19} The evidence, so near as we can tell, was offered to show thereason why Mr. Coen allegedly favored Jerry Walther against the interestsof his ward, Mrs. Walther. That evidence is relevant to prove a conflictof interest. All relevant evidence is admissible, unless otherwiseexcluded for reasons which are not applicable here. Evid.R. 402. Whetherto admit or exclude is committed to the sound discretion of the trialcourt. We find no abuse of discretion.
 {¶ 20} The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR {¶ 21} "The trial court erred in removing the guardian of the estateespecially without interviewing the ward, after judge gounaris hadinterviewed the ward and overruled appellee's motion to move the ward."
 {¶ 22} Jerry Walther was appointed guardian of the person of hismother, F. Alberta Walther, after she was moved from Tracie Candela'shome back to her own home. Jerry Walther stayed there without rent andwas paid a monthly stipend by Mr. Coen.
 {¶ 23} Mr. Coen had represented Jerry Walther in several prior mattersin which Jerry Walther's pecuniary interests were involved. Themagistrate found that one of those matters was a divorce, in which JerryWalther represented in an affidavit notarized by Mr. Coen that he had noincome, while at the time Mr. Coen was paying Jerry Walther $1,620 permonth for caring for his mother.
 {¶ 24} The magistrate also found that, upon Mr. Coen's advice, JerryWalther had transferred title to his real property to his mother in orderto avoid execution on judgment liens against him, while Mr. Coensubsequently represented to the Probate Court in an inventory that Mrs.Walther had no assets.
 {¶ 25} The magistrate also found that Mr. Coen had applied to theProbate Court for authority to release $10,000 of Mrs. Walther's funds toJerry Walther to pay off a lease on a pick up truck, when in fact JerryWalther was obligated to pay that amount to his former spouse in adivorce in which Mr. Coen had represented him.
 {¶ 26} The magistrate found that these circumstances and certainfilings Mr. Coen had made with the courts in connection with themdemonstrate a conflict of the interests involved in Mr. Coen'srepresentation of Jerry Walther and his dealings with Jerry Walther onbehalf of F. Alberta Walther. Mr. Coen argues on appeal that a conflictis not grounds for removal absent proof that the fiduciary is exercisinghis authority in a manner adverse to his trust, and that removal is notwarranted unless the adverse interest involved is of such a nature thatpotentially irreparable damage to the trust might issue.
 {¶ 27} The probate court may remove a fiduciary it has appointed "because the interest of the trust demands it." R.C. 2109.24. That section reposes broad discretion on the probate court, and a reviewing court will not reverse a decision to remove a fiduciary absent a clear showing of an abuse of that discretion. In re Estate of Jarvis (1980),67 Ohio App.2d 94. "An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." In re Estate of Russolillo (1990),69 Ohio App.3d 448, 450.
{¶ 28} From the findings which the magistrate made, which aresupported by the record, there is ample evidence that because of hisrepresentation of Jerry Walther, as well as the payments Mr. Coen made toJerry Walther from Mrs. Walther's assets, the interests of Mrs. Walther'sestate demands Mr. Coen's removal as guardian of her estate. R.C. 2109.24.We find no abuse of discretion.
 {¶ 29} The fourth assignment of error is overruled. The judgment ofthe Probate Court will be affirmed.
 Fain, P.J. and Wolff, J., concur.