OPINION
{¶ 1} Appellant Casimir Adulewicz appeals the decision of the Jefferson County Court of Common Pleas, Probate Division, to remove him as administrator of the estate of Thomas Phelps. The court filed a citation against Appellant on March 1, 2005, for failure to file an accounting, and gave Appellant until April 1, 2005, to file the accounting. Appellant failed to respond within the allotted time. On May 10, 2005, the court filed a judgment entry removing Appellant as administrator. Appellant contends that R.C. § 2109.24 requires a hearing to be held before the court may remove a fiduciary. Appellant has failed to note that R.C. § 2109.31(C)(1) allows the probate court to remove a fiduciary immediately for failure to file an accounting. Because the statutory language is clear, Appellant's argument is not a reasonable interpretation of the statute. Therefore, the judgment of the trial court is affirmed.
 {¶ 2} Thomas E. Phelps died intestate on December 15, 2003, and Appellant was appointed as fiduciary on February 4, 2004. Eric M. Reszke was listed as the attorney for the estate. Bond was posted, and Appellant proceeded to obtain an appraisal of the only asset of the estate, which was the decedent's home in Steubenville. The house was appraised, and Appellant received the necessary permissions to sell the property.
 {¶ 3} On March 1, 2005, the court issued a citation to compel Appellant to file an accounting or a certificate of termination, neither of which had been filed. The court's judgment entry required that, "said accounting or certificate of termination be filed on or before APRIL 1, 2005." No hearing was scheduled on this matter. The actual citation, which is a separate document in the record, states that, "you [Appellant] are hereby required on or before APRIL 1, 2005 to file your account or certificate of termination * * * and then and there to appear and show cause why an attachment should not issue against you for your default."
 {¶ 4} Appellant did not file any accounting or other response by the deadline of April 1, 2005.
 {¶ 5} On May 10, 2005, the court filed a judgment entry removing Appellant as administrator. The record does not indicate that a hearing was held prior to judgment.
 {¶ 6} Appellant attempted to file an accounting on May 16, 2005.
 {¶ 7} On May 16, 2005, Appellant filed this timely appeal. There is no Appellee's brief in this appeal, and this Court may accept Appellant's statement of the facts and issues, and sustain Appellant's assignments of error, if it appears reasonable to do so in light of the record. App.R. 18(C).
 Sole Assignment of Error {¶ 8} "THE LOWER COURT ERRED IN REMOVING CASIMIR T. ADULEWICZ, THE ADMINISTRATOR OF THE ESTATE OF THOMAS E. PHELPS, DECEASED, WITHOUT GIVING NOTICE OF AND WITHOUT CONDUCTING A HEARING WITH THE PRESENTATION OF EVIDENCE."
 {¶ 9} This appeal challenges the trial court's decision to remove a fiduciary. Removal of a fiduciary is discretionary with the probate court, and an order removing a fiduciary will not be overturned on appeal absent a clear showing of an abuse of discretion. In re Estate of Russolillo (1990),69 Ohio App.3d 448, 450, 590 N.E.2d 1324. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See In reJane Doe 1 (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 5 OBR 481,450 N.E.2d 1140.
 {¶ 10} Appellant argues that R.C. § 2109.24 governs this case, and that this statute required the trial court to hold a hearing prior to removing Appellant as administrator of the estate of Thomas Phelps. R.C. § 2109.24 states, in pertinent part:
 {¶ 11} "If a fiduciary fails to make and file an inventory as required by sections 2109.58, 2111.14, and 2115.02 of the Revised Code or to render a just and true account of the fiduciary's administration at the times required by section 2109.301,2109.302, or 2109.303 of the Revised Code, and if the failure continues for thirty days after the fiduciary has been notified by the court of the expiration of the relevant time, the fiduciary forthwith may be removed by the court and shall receive no allowance for the fiduciary's services unless the court enters upon its journal its findings that the delay was necessary and reasonable.
 {¶ 12} "The court may remove any such fiduciary, aftergiving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law." (Emphasis added.)
 {¶ 13} Appellant contends that Ohio's courts have interpreted R.C. § 2109.24 as containing an implied requirement that a hearing must be held prior to removing a fiduciary. Appellant is partially correct. R.C. § 2109.24 is a statute dealing with the removal of fiduciaries. The definition of fiduciary in R.C. §2109.01 encompasses the position of administrator of a decedent's estate. Whitaker v. Estate of Whitaker (1995),105 Ohio App.3d 46, 52, 663 N.E.2d 681. Courts have held that a fiduciary may not be removed under the authority of R.C. § 2109.24 unless the fiduciary is first given a hearing, with at least ten days prior notice, in order to present evidence and to defend against charges leveled against him. In re Estate of Russolillo, supra,69 Ohio App.3d at 450, 590 N.E.2d 1324; In re Mizer, 5th Dist. No. 2004 AP 04 0035, 2005-Ohio-862. The record does not reflect, however, that R.C. § 2109.24 actually governs the outcome of this appeal.
 {¶ 14} It is clear from the record that the trial court filed its citation pursuant to R.C. § 2109.31 rather than R.C. §2109.24. R.C. § 2109.31 states:
 {¶ 15} "(A) If a fiduciary neglects or refuses to file an account, inventory, certificate of notice of probate of will, or report when due according to section 2107.19, 2109.30, 2111.49, or 2115.02 of the Revised Code or when ordered by the probate court, the court at its own instance may issue, and on the application of any interested party or of any of the next of kin of any ward shall issue, a citation as described in division (B) of this section to such fiduciary pursuant to Civil Rules 4.1 to 4.6 to compel the filing of the overdue account, inventory, certificate of notice of probate of will, or report.
 {¶ 16} "(B) The citation that is required by division (A) of this section may contain any of the following:
 {¶ 17} "(1) A statement that the particular account, inventory, certificate of notice of probate of will, or report is overdue;
 {¶ 18} "(2) An order to the fiduciary to file the account, inventory, certificate of notice of probate of will, or report, or otherwise to appear before the court on a specified date;
 {¶ 19} "(3) A statement that, upon the issuance of the citation, a continuance to file the account, inventory, certificate of notice of probate of will, or report may be obtained from the court only on or after the date specified pursuant to division (B)(2) of this section.
 {¶ 20} "(C) If a citation is issued to a fiduciary inaccordance with divisions (A) and (B) of this section and if thefiduciary fails to file the account, inventory, certificate of notice of probate of will, or report prior to the appearance date specified in the citation, the court may order, on that date,
one or more of the following:
 {¶ 21} "(1) The removal of the fiduciary * * *." (Emphasis added.)
 {¶ 22} It is clear from the plain language of the statute that the court may immediately remove a fiduciary after the court issues a proper citation under R.C. § 2109.31 and after the specified appearance date has passed. The judgment entry filed by the court on March 1, 2005, stated that a citation would issue seeking to compel Appellant to file an account or certificate of termination because the account was overdue. The citation was issued on March 1, 2005, and it required Appellant to file an account or certificate of termination on or before April 1, 2005, and also ordered Appellant to appear and show cause why an attachment should not issue. R.C. § 2109.31 provided ample due process for Appellant to respond to the allegation in the citation and to have a hearing on those allegations, if Appellant responded prior to the appearance date stated in the citation. Appellant did not respond, nor did he request an extension of time to respond or give any explanation to the court why he could not respond within the time allowed. In fact, Appellant failed to file an account or give any other explanation to the court until well after the April 1, 2005, deadline had passed. The court removed Appellant as administrator on May 10, 2005. It was not until six days later that Appellant attempted to file an account.
 {¶ 23} R.C. § 2109.31 gave the trial court the authority to immediately remove Appellant for failure to file an account in the time frame set forth in the citation. Even though we give to Appellant some deference pursuant to App.R. 18(C), we cannot completely disregard the plain language of R.C. § 2109.31, which is the statute the trial court obviously relied upon in removing Appellant as fiduciary, and substitute some other statutory section in applying the law of this case to the facts in the record. For this reason, Appellant's assignment of error is overruled and the judgment of the trial court affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.