[Cite as *In re VanDyke*, 2012-Ohio-1098.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

IN THE MATTER OF                                               :
THE GUARDIANSHIP OF:                           :            Appellate Case No. 24712
                                                            :
   FRED VAN DYKE                                       :            Trial Court Case
                                                No. 08-GRD-259
                                                            :
                                                            :            (Civil Appeal from Common Pleas
                                                            :               Court, Probate)
                                                            :
                                                            :
                                             . . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of March, 2012.

. . . . . . . . . . .

MARY K.C. SOTER, Atty. Reg. #0007696, 5518 North Main Street, Dayton, Ohio 45415-3455
      Attorney for Appellant

CHRISTOPHER F. COWAN, Atty. Reg. #0018232, Cowan & Hilgeman, 12 West Monument
Avenue, Suite 100, Dayton, Ohio 45402-1172
      Attorney for Appellee

DEPARTMENT OF VETERANS AFFAIRS, 1240 East Ninth Street, Cleveland, Ohio 44199
      Appellee, *pro se*

THE OHIO CASUALTY INSURANCE COMPANY, 5540 Far Hills Avenue, Dayton, Ohio
45402
      Appellee, *pro se*

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Mary K.C. Soter appeals from the trial court's entry removing her as guardian of the estate of Fred Van Dyke, who is legally incompetent.

**{¶ 2}** Soter advances five assignments of error on appeal. First, she contends the trial court erred in removing her as guardian where her actions had benefitted Van Dyke's estate. Second, she claims the trial court erred in removing her because doing so ignored Van Dyke's wishes. Third, she asserts that the trial court erred in basing its removal decision on facts not in the record. Fourth, she argues that the Montgomery County Probate Court's procedure for removing a guardian is defective. Fifth, she maintains that the trial court erred in failing to follow R.C. 2109.24, which governs the removal of fiduciaries such as guardians.

**{¶ 3}** The record reflects that the trial court appointed Soter as guardian of Van Dyke's person and estate in 2008. Van Dyke was eighty-three years old at the time. Soter had served as his attorney for many years, and he expressed happiness about her appointment. Thereafter, on October 30, 2009, Soter applied for an extension of time to file an accounting. The trial court granted the motion and gave her until December 4, 2009, to file. (Doc. #12). Soter failed to meet that deadline. On January 4, 2010, the trial court noted that the accounting still had not been filed. It ordered her to file the accounting by February 8, 2010, or to appear for a show-cause hearing on that date. (Doc. #13-14). Soter neither filed the accounting nor appeared as ordered. As a result, on February 11, 2010, the trial court imposed a fine and gave Soter thirty days to submit the accounting. (Id. at 15). Nearly eight months later, Soter still had not done so. On October 4, 2010, the trial court noted that fact and ordered her to appear for a show-cause hearing on November 29, 2010. (Doc. #16). Soter submitted an accounting on that date, but the court rejected it. The court found "that

the account, as presented, is not acceptable for filing." (Doc. #19). As a result, it set the matter for another show-cause hearing on January 24, 2011. (Id.). The matter proceeded to a hearing before a magistrate on that date. Soter appeared and presented an updated accounting. Following the hearing, the magistrate ordered as follows: "This Court determined that the Account should be submitted and reviewed. If the account is in order, the court will allow the guardian to continue in that position. If the Account is not in order, the court will remove the guardian and appoint an attorney as guardian of the estate." (Doc. #23).

{¶ 4}    Thereafter, on March 23, 2011, the magistrate filed Soter's accounting. (Doc. #25). The next day, the magistrate filed a decision recommending Soter's removal as guardian of Van Dyke's estate. After reciting her history of failing to submit an accounting, the magistrate noted that the accounting submitted on November 29, 2010, had been rejected because "the Account did not balance and all the funds were not accurately accounted for." With regard to Soter's more recent updated accounting,   the magistrate stated:

> The court has had the opportunity to review the Account in great detail. The Account is closer to being accurate but still does not balance. Additionally, the vouchers and account information [are] insufficient to verify the income and expenditures. The court is left with no option other than to remove Ms. Soter as guardian of the estate of Fred Van Dyke and to appoint a lawyer guardian of the estate to provide the court with an accurate accounting for Mr. Van Dyke's assets.

(Doc. #26 at 2).

{¶ 5}    Soter filed objections to the magistrate's decision. (Doc. #28).

The trial court overruled the objections and adopted the magistrate's decision removing her as guardian of Van Dyke's estate. (Doc. #29). The trial court noted, among other things, that Soter's most recent accounting still did not balance, that the information she provided was insufficient to verify the income and expenses, and that she had received "several extensions and citations to produce an accurate account." This appeal followed.

{¶ 6} We begin our analysis with a review of R.C. 2109.24, which authorizes a probate court to remove any fiduciary who fails "to render a just and true account of the fiduciary's administration at the times required" by law. A probate court also may remove a fiduciary for "neglect of duty, incompetency, * * * or for any other cause authorized by law." *Id.* "The removal of the fiduciary, pursuant to R.C. 2109.24, rests within the sound discretion of the trial court, and a reviewing court will not reverse that decision absent a clear showing of abuse of that discretion." *In re Estate of Shaw*, 2d Dist. Greene No. 2004 CA 111, 2005-Ohio-4743, ¶18, quoting *In re Russolillo*, 69 Ohio App.3d 448, 450, 590 N.E.2d 1324 (10th Dist. 1990).

{¶ 7} In her first two assignments of error, Soter contends the trial court erred in removing her from her fiduciary role as guardian of Van Dyke's estate, pursuant to R.C. 2109.24, where her actions had benefitted the estate and her removal would be in contravention of Van Dyke's wishes.

{¶ 8} In support, Soter asserts that the value of Van Dyke's estate increased under her guardianship. She further maintains that she provided many valuable services to him, including serving as his attorney for thirty-five years, representing him in a lawsuit, having his property taxes reduced, and having his VA benefits increased. Although she admits that her most recent accounting did not balance, Soter stresses that Van Dyke's

estate contained approximately $11,000 *more* than it should have according to her figures. In connection with her second assignment of error, Soter also claims the trial court failed to give her proper notice before removing her and erroneously ordered her removed after the magistrate filed her accounting on March 23, 2011.

{¶ 9}    Upon review, we find the foregoing arguments to be without merit. As an initial matter, we note that many of Soter's factual allegations are not supported by the record, which lacks a transcript of the January 24, 2011 hearing before the magistrate. In overruling Soter's objections, the trial court pointed out her failure to file a transcript and limited its review to issues of law.

{¶ 10}   In any event, regardless of the work Soter may have performed on Van Dyke's behalf and his apparent fondness for her, we find no abuse of discretion in the trial court's removal of her as guardian of the estate. The trial court's reasoning was that the guardian had "consistently failed to fulfill her fiduciary duties to [Van Dyke] and the court by failing to submit a timely and accurate account of the guardianship fund." (Doc. #29 at 5-6).

{¶ 11}   Under R.C. 2109.24, a probate court may remove a fiduciary on ten days notice for neglect of duty, incompetency, or other reasons. The statute also authorizes a probate court to remove a fiduciary "forthwith" for failing "to render a true and just account" if "the failure continues for thirty days after the fiduciary has been notified by the court of the expiration of the relevant time." In the present case, the trial court found removal proper based on (1) the guardian's failure to render a timely "true and just account" and (2) her neglect of duty and incompetency. (Doc. #29 at 5-6). We see no abuse of discretion.

{¶ 12}   As set forth above, Soter first sought an extension of time to file her accounting on October 30, 2009. Thereafter, deadlines were repeatedly missed and the guardian

failed to appear for a show-cause hearing, despite warnings that she might be removed. Soter eventually submitted an accounting on November 29, 2010, but the court rejected it. She then appeared for a show-cause hearing on January 24, 2011. She brought an updated accounting with her. Following the hearing, the magistrate indicated that he would review the updated accounting. The magistrate advised Soter that he would allow her to remain as guardian of the estate if the new accounting was "in order." Otherwise, she would be removed.

{¶ 13} Soter reasons on appeal that the magistrate necessarily found the updated accounting to be "in order" because he filed it on March 23, 2011. Therefore, she contends her removal was improper. We disagree. When filing the new accounting, the magistrate stressed that it still did not balance and that Soter had provided insufficient information to verify the income and expenditures. The statute permits removal for failure to file a "true and just account," not any account. The observations of the magistrate demonstrate that he did not believe the accounting was "in order" even though it was filed. As a result, the magistrate recommended Soter's removal on March 24, 2011. The trial court then overruled her objections and removed her three months later on June 23, 2011.

{¶ 14} On the record before us, we believe Soter received the requisite notice that she faced removal, and the trial court had discretion to remove her under R.C. 2109.24 for failure to render a timely "true and just accounting," for neglect of duty, or for incompetence.[1] The fact that she may not have done any tangible harm to Van Dyke's estate does not compel a

---

[1] On appeal, Soter makes a passing reference to the requirement in R.C. 2109.24 that a fiduciary must be given ten days notice before being removed for neglect, incompetence, or other reasons. (*See* Appellant's Brief at 4). Soter did not raise a lack of notice under R.C. 2109.24 as an issue in her objections to the magistrate's decision. (*See* Doc. #28). Therefore, she has waived all but plain error. Civ.R. 53(D)(3)(b). We see no plain error here. Soter was well aware that she faced potential removal as guardian, which may explain why she did not allege a lack of notice in her objections.

contrary conclusion. "The probate court need not find that the guardian's action amounted to violations of the law or that [her] actions caused injury to the ward or the ward's estate." In re Guardianship of Smith, 2d Dist. Clark No. 09CA0069, 2010-Ohio-4528, ¶20 (citations omitted). Soter's first and second assignments of error are overruled.

{¶ 15} In her third assignment of error, Soter challenges the trial court's finding that certain "vouchers and account information" she provided were "insufficient to verify the income and expenditures." Soter contends she never was told she needed to submit additional verifying information.

{¶ 16} This assignment of error lacks merit for at least two reasons. First, when reviewing Soter's updated accounting, the magistrate found that "the vouchers and account information [are] insufficient to verify the income and expenditures." (Doc. #26 at 2). In her objections, Soter did not challenge this finding. (Doc. #28). Therefore, she cannot now complain about the trial court adopting the same finding when overruling her objections. See Civ.R. 53(D)(3)(b)(iv). Second, the trial court was not obligated to tell Soter what verifying information was required. That topic is addressed in R.C. 2109.302(A), which provides: "Every account shall include an itemized statement of all receipts of the guardian * * * during the accounting period and of all disbursements and distributions made by the guardian * * * during the accounting period. The itemized disbursements and distributions shall be verified by vouchers or proof * * *." In light of R.C. 2109.302(A), Soter was on notice of the verification required. Her third assignment of error is overruled.

{¶ 17} In her fourth assignment of error, Soter argues that the Montgomery County Probate Court's procedure for removing guardians is defective. Specifically, she complains that proposed accountings are not file-stamped when they are submitted for

approval. As a result, she claims it is impossible for an attorney to prove that an accounting has been timely submitted. In this case, Soter notes that she submitted an accounting on November 29, 2010, but had it rejected by the court. According to Soter, "[t]here is no way [she] can prove that this account was submitted because the Magistrate did not file it, and [she] was given no receipt or other document to prove that she had in fact turned in an account." Soter further notes that she submitted her updated accounting on January 24, 2011. She claims "[t]here is no way for [her] to prove that she turned in that account," which is the subject of her appeal.

{¶ 18} Once again, Soter's assignment of error lacks merit for at least two reasons. First, in her objections to the magistrate's ruling, she did not raise any alleged defect in the procedure employed by the Montgomery County Probate Court. Therefore, she cannot raise the issue on appeal. See Civ.R. 53(D)(3)(b)(iv). Second, Soter's argument is unpersuasive on its merits. There is no question in this case that she submitted an accounting on November 29, 2010, and January 24, 2011. In his decision, the magistrate expressly acknowledged receiving both submissions. (Doc. #26 at 2). The trial court did likewise. (Doc. #29 at 3). Because there is no dispute that Soter submitted the two accountings, her alleged inability to prove that fact is a non-issue. The fourth assignment of error is overruled.

{¶ 19} In her fifth assignment of error, Soter contends the trial court erred in failing to follow R.C. 2109.24 when ordering her removal as guardian of Van Dyke's estate. In support, she reasons that the magistrate implicitly and necessarily found her updated accounting to be "in order" by filing it on March 23, 2011. Based on that assumption, she contends the magistrate lacked justification to recommend her removal and the trial court lacked grounds for removing her.

{¶ 20} We disagree. In our resolution of Soter's first and second assignments

of error, supra, we addressed the propriety of her removal under R.C. 2109.24. Her brief on the fifth assignment of error presents no new argument on the issue. Therefore, for the reasons set forth more fully above, we again conclude that the trial court did not abuse its discretion in removing Soter as guardian of Van Dyke's estate. The fifth assignment of error is overruled.

{¶ 21}  The judgment of the Montgomery County Probate Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

Mary K.C. Soter
Christopher F. Cowan
Dept. Of Veterans Affairs
The Ohio Casualty Ins. Co.
Hon. Alice O. McCollum