[Cite as *Castro v. Castro*, 2013-Ohio-1671.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99037**

## DAVID K. CASTRO, ADMINISTRATOR OF THE ESTATE OF VERA BATES-LUCAS

PLAINTIFF-APPELLANT

vs.

## JOSEPH CASTRO, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Court Division
Case No. 2011 EST 169440

**BEFORE:** Blackmon, J., Boyle, P.J., and E.T. Gallagher, J.
**RELEASED AND JOURNALIZED:** April 25, 2013

**ATTORNEY FOR APPELLANT**

Mark D. McGraw
1370 Ontario Street, Suite 800
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEES**

James H. Hewitt, III
Hewitt Law L.L.C.
3043 Superior Avenue
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant David K. Castro ("David"), administrator of the Estate of Vera Bates-Lucas ("Bates-Lucas"), appeals the judgment of the Cuyahoga County Court of Common Pleas, Probate Division, that removed him as administrator of his mother's estate. David assigns the following error for our review:

**I. The trial court committed reversible error in removing appellant David K. Castro as administrator of the estate of Vera Bates-Lucas.**

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On March 31, 2011, Bates-Lucas died and was survived by two sons. On November 8, 2011, the probate court appointed the older son, David, as the administrator of the estate. At the time of her death, Bates-Lucas owned real property located at 5225 Theodore Street, Maple Heights, Ohio. This single family dwelling became the primary asset of the Bates-Lucas estate.

{¶4} On May 3, 2012, Joseph Castro ("Joseph"), filed a motion to remove his brother, David, as administrator of their mother's estate. In the motion, Joseph alleged that the single family dwelling was being occupied by a relative of David and the occupant had not paid rent since Bate-Lucas's death. Joseph further alleged that David had failed to take steps to preserve the property that Joseph believed was facing foreclosure. Finally, Joseph alleged that he had been paying the mortgage for the property prior to Bates-Lucas's death.

**{¶5}** In his motion in opposition, David countered that since his appointment as administrator, he had signed an agreement to rent the property to Tenisha and Carl Busby, his niece and her husband, who had been living in the property since June 2009. David countered that he had received rents totaling $4,480.05 that he had deposited into the estate account, but had not paid the mortgage because the house is worth less than the balance owing on the mortgage.

**{¶6}** On June 11, 2012, the probate court held a hearing on Joseph's motion to remove David as administrator of the estate. On the same day, the probate court heard a concealment action filed by David against Joseph and his wife. We separately reviewed said concealment action in *Castro v. Castro,* 8th Dist. No. 98710, 2013-Ohio-1347.

**{¶7}** Joseph, David, and Tenisha Busby testified at the hearing. The testimony established that Tenisha Busby, the tenant in residence of the single family dwelling, is Joseph's daughter. Busby had entered into a rental agreement with the option-to-purchase regarding the subject property and was to make monthly payments of $700.

**{¶8}** The testimony established that David had been collecting rent from Busby and her husband, depositing it into the estate account, but not paying the mortgage. David testified that he did not pay the mortgage because the property was worth less than the amount owed to the mortgage holder. The record reveals that as of March 23, 2012, the mortgage was in default in the amount of $7,715.48, and in imminent danger of foreclosure.

**{¶9}** On September 7, 2012, the probate court issued a journal entry removing David as administrator of his mother's estate. David now appeals.

### Removal of Administrator

**{¶10}** In the sole assigned error, David argues the probate court erred when it removed him as administrator of his mother's estate.

**{¶11}** Our standard of reviewing a probate court's decision to remove a fiduciary or guardian is the abuse of discretion standard. *In re Estate of Karder*, 5th Dist. No. 2010CA00297, 2011-Ohio-3229, citing *In Re: Estate of Russolillo*, 69 Ohio App.3d 448, 590 N.E.2d 1324 (10th Dist.1990). The Supreme Court has repeatedly defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748.

**{¶12}** We find that the probate court's decision to remove David as administrator was not arbitrary, unconscionable, or unreasonable.

**{¶13}** In the instant case, the probate court's journal entry removing David as administrator stated in pertinent part as follows:

> * * *The Court further finds that David Castro failed to make payments toward the mortgage of the estate property (payments had been made by Joseph Castro until the appointment of David) and that he failed to obtain a rental agreement from the occupants until April 19, 2012. The Court further finds that the estate received

**communication from the mortgage holder that the property is in default.**

**The Court finds that a final account for the estate was due on or about May 21, 2012. The Court finds that a citation was issued on July 19, 2012 due to failure to file an account * * *.**

**The Court finds that David Castro has failed to administer the estate in a timely manner and further finds that David Castro has neglected his duty to preserve the assets of the estate.** Journal Entry, September 7, 2012.

{¶14} R.C. 2109.24 governs the removal of fiduciaries and states, in relevant part:

**The court may remove any fiduciary, after giving the fiduciary not less**

**than ten days notice, for habitual drunkenness, neglect of duty,**

**incompetency, or fraudulent conduct, because the interest of the**

**property, testamentary trust, or estate that the fiduciary is responsible**

**for administering demands it, or for any other cause authorized by law.**

*In re Estate of Sneed*, 6th Dist. No. L-06-1054, 2007-Ohio-1190.

{¶15} Here, the probate court found that David had failed to timely administer the estate and failed to preserve the assets of the estate. The probate court's findings is without dispute. Primarily, the record reveals that the estate's real property was in default and in imminent danger of foreclosure. David admitted collecting the rent from Busby and then placing it in the estate's account, instead of paying the mortgage. David posited that it was useless to pay the mortgage because the property was worth less than the outstanding mortgage balance.

**{¶16}** However, despite the inverse relationship of the property value and the mortgage balance, David had no right to withhold payment. David could have communicated with the mortgage holder about a loan modification or explore the possibility of listing the property for a short sale. David failed to present any evidence that he took any steps to safeguard the estate's assets. Instead, he totally disregarded the communication from the mortgage company that the property was in imminent danger of default.

**{¶17}** Under the circumstances here, the probate court did not abuse its discretion in removing David as administrator of his mother's estate. Accordingly, we overrule the sole assigned error.

**{¶18}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR