[Cite as *In re Estate of Abraitis*, 2015-Ohio-4077.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102403

# IN RE: ESTATE OF VLADA SOFIA STANCIKAITE ABRAITIS

[Appeal by Sarunas Abraitis]

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Court Division
Case No. 2011 EST 172533

**BEFORE:** Jones, J., Celebrezze, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** October 1, 2015

**ATTORNEY FOR APPELLANT**

Catherine M. Brady
4417 West 189th   Street
Cleveland, Ohio 44135


**ATTORNEYS FOR THE ESTATE OF VLADA SOFIA STANCIKAITE ABRAITIS**

Adam M. Fried
Martin T. Galvin
Catherine Sturik
Reminger & Reminger Co. L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

**FOR VIVIAN ABRAITIS**

Randall M. Perla
19443 Lorain Road
Fairview Park, Ohio 44126

**FOR LINDA RICH**

Linda M. Rich
20050 Lake Shore Boulevard
Euclid, Ohio 44123

LARRY A. JONES, SR., J.:

{¶1} Appellant Sarunas Abraitis ("Sarunas") appeals from the probate court's December 1, 2014 judgment removing him as fiduciary of the Estate of Vlada Sofia Stancikaite Abraitis. For the reasons that follow, we affirm.

## I.   Parties

{¶2} Sarunas is one of Vlada Sofia Stancikaite Abraitis's ("Vlada") two sons. Vlada's other son is Vytautas Abraitis ("Vytautas"). Vlada died in December 2008, and Vytautas died in November 2013. Vytautas died without children; his ex-wife, Vivian Abraitis Newcomer ("Vivian"), is the fiduciary of his estate.

{¶3} In 2011, Sarunas opened an estate in probate court for his mother and was appointed fiduciary. The court removed him in 2014, and appointed attorney Adam Fried ("Fried") as fiduciary of the estate.

{¶4} Fried and Vivian have filed answer briefs in this appeal.

## II.   Procedural History and Facts

{¶5} In 2004, a guardianship was started for Vlada and initially Sarunas was the guardian. Sarunas was removed as guardian, however, and an attorney was appointed to replace him. In 2008, Vlada passed away.

{¶6} Three years later, in October 2011, Sarunas filed an application to administer his mother's estate and probate her will. In his application, Sarunas estimated the value of his mother's estate to be $660,000. A 1978 will executed by Vlada, under which she

left her estate equally to Sarunas and Vytautas in the event her husband predeceased her,[1] was admitted into the record. The court granted Sarunas's application and appointed him fiduciary of the estate.

{¶7} In February 2012, Sarunas filed an inventory and appraisal, in which he listed the value of Vlada's estate at $523,518.46, that consisted of a Stifel Nicolaus investment account. He also submitted a statement regarding the account, which was in his name, and valued the account as of December 31, 2008. The record indicates that the funds in the account were the subject of federal and state tax proceedings.

{¶8} In December 2012, Sarunas filed a first partial fiduciary account. In his accounting, Sarunas listed receipts of the estate as totaling $815,362, which consisted of $523,578 in unsold personal property (the Stifel account) and $291,844 in income (the gain on the account). He listed disbursements from the estate as totaling $491,337, which consisted of $39,310 in distributions to beneficiaries (himself) and $452,027 in Internal Revenue Services ("IRS") seizures. He listed the "balance remaining in fiduciary's hands" as $324,025, but stated it was "frozen" by the IRS.

{¶9} On November 18, 2013, Sarunas filed a "notice of failed estate distribution for refusal to provide a receipt." In the notice, Sarunas maintained that he, unsuccessfully, had attempted three times to make an estate distribution in the amount of $39,310 to Vytautas, who was residing in a nursing home in Florida. According to the notice, Vytautas "refused to sign a document for personal delivery." Exhibits attached to the

---

[1]Vlada's husband predeceased her.

notice indicated that service was attempted by special process servers on October 11 and 16, 2013; Sarunas stated that he also personally attempted to serve Vytautas. Vytautas died on November 13, 2013.

{¶10} On November 27, 2013, Sarunas filed a second partial fiduciary account in which he listed the estate's receipts as totaling $337,789, that consisted of $324,025 in unsold personal property (the Stifel account) and $13,764 in income (gain on the account). Total disbursements were listed as $30,463, which consisted of an IRS seizure.

{¶11} In December 2013, Sarunas filed a notice of a 1993 will that was executed by Vlada. Under this will, Sarunas was to inherit the entirety of Vlada's estate, unless he predeceased Vytautas, in which case Vytautas would inherit the estate. He also filed a suggestion of death, stating that Vytautas had passed away. Sarunas sought to probate the 1993 will; he valued Vlada's estate at $307,326. The probate court admitted the 1993 will into the record. Sarunas was appointed fiduciary for the administration of the second will.

{¶12} On January 10, 2014, Sarunas filed an inventory in which he listed the value of the estate at $523,518.46, which consisted of the Stifel account. He attached the account statement showing the value as of December 31, 2008.

{¶13} On January 30, 2014, Sarunas filed a motion to correct inventory. In the motion, Sarunas sought to remove the Stifel account from the inventory because it had been "misidentified as an asset" of Vlada's estate. Sarunas stated that: as of January 2005, it was determined that he was the sole owner of the account; as of January 2012,

the IRS determined that no income from the account was taxable to Vlada; and in October 2013, the Ohio Supreme Court also affirmed the IRS's determination that Sarunas was the sole owner of the account. *See Abraitis v. Testa, Tax Commr.*, 137 Ohio St.3d 285, 2013-Ohio-4725, 998 N.E.2d 1149.

{¶14} In February 2014, Sarunas filed a representation of insolvency, stating that the assets of the estate had been liquidated and setting forth the claims made against the estate. In July 2014, Sarunas filed an amended inventory stating that the estate had zero assets. A hearing was held on these filings, and the court granted leave for Vivian's counsel to file a concealment action.

{¶15} In September 2014, the court set the case for a hearing on its sua sponte motion to remove Sarunas as the fiduciary of the estate. The hearing was held in November 2014, and on December 1, 2014, the court entered its judgment removing Sarunas as the estate's fiduciary.[2] The court appointed attorney Adam Fried as the successor fiduciary.

{¶16} Sarunas raises the following two assignments of error:

> [I.] The probate court erred as a matter of law by removing the executor for following the determinations of the taxing authorities, whose determinations the probate court cannot overturn.

> [II.] The probate court erred as a matter of law in removing the executor for fraudulent conduct where the probate court failed to vacate the guardianship within one year of discovery of the alleged fraud.

### III.  Law and Analysis

---

[2]The transcript from the hearing has not been made a part of the record.

**Standard of Review**

{¶17} Sarunas contends that we review the trial court's decision to remove him as the fiduciary de novo, while Fried contends that we review for an abuse of discretion. Vivian contends that we presume the regularity of the proceeding because of the lack of transcript.[3]

{¶18} Our standard of reviewing a probate court's decision to remove a fiduciary or guardian is the abuse of discretion standard. *Castro v. Castro*, 8th Dist. Cuyahoga No. 99037, 2013-Ohio-1671, ¶ 11, citing *In re Estate of Karder*, 5th Dist. Stark No. 2010CA00297, 2011-Ohio-3229, and *In re Estate of Russolillo*, 69 Ohio App.3d 448, 590 N.E.2d 1324 (10th Dist.1990). Abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶19} Sarunas acknowledges the well-established standard of review for these types of cases, but contends that the de novo standard of review applies to this case because the issues relate to the "authority or subject matter of the probate court to overturn the Final

---

[3]Sarunas intimates that we should ignore Vivian's brief on appeal because she was not present at the hearing to remove him as fiduciary and has not cross-appealed. She is not claiming any error occurred at the hearing or in the trial court's decision to remove Sarunas. She is a party to the proceedings and, thus, her brief advocating that the court's decision be affirmed is proper for our consideration.

Determinations of the Tax Commissioner for the Ohio Department of Taxation."

{¶20} In its judgment entry removing Sarunas as fiduciary of the estate, the trial court found that there were "significant inconsistencies between pleadings and arguments made by Sarunas Abraitis in the IRS case, the Estate case and the Guardianship case involving the decedent." The court did not, as Sarunas contends, "overturn the Final Determinations of the Tax Commissioner for the Ohio Department of Taxation." We therefore review for an abuse of discretion.

{¶21} In conducting our review to determine whether the court abused its discretion, we are bound by the record before us, which does not include the transcript from the hearing on the court's motion to remove Sarunas. Because of the lack of transcript, we presume the regularity of that proceeding as documented in the court's December 1, 2014 judgment entry. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶22} Although this case and the related proceedings have a long history and complicated background, the issue for our review is narrow and straightfoward: did the trial court act unreasonably, arbitrarily, or unconscionably in removing Sarunas as the fiduciary of Vlada's estate? For the reasons that follow, we find it did not.

**R.C. 2109.24: Resignaition or Removal of Fiduciary**

{¶23} R.C. 2109.24 governs the resignation or removal of a fiduciary and provides in relevant part as follows:

> The court may remove any fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or

fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law.

**{¶24}** In its judgment entry removing Sarunas as the fiduciary, the trial court found that: (1) Sarunas "failed to protect the assets of the Estate"; (2) Sarunas "failed to administer this Estate in a timely manner"; (3) there were "significant inconsistencies between pleadings and arguments made by Sarunas * * * in the IRS cases, the Estate case and the Guardianship case involving the decedent"; and (4) Sarunas "must be removed as the fiduciary of this Estate due to incompetency and fraudulent conduct and because the interest of the Estate demands it."

**{¶25}** Upon review, we find that the trial court did not act unreasonably, arbitrarily, or unconscionably in making these findings. The record, from both the pleadings and testimony at the hearing to remove Sarunas (as documented in the court's judgment entry), demonstrates that this case has been pending since October 2011 (after having been filed three years after Vlada's death), and that numerous extensions to administer the estate were granted at the behest of Sarunas.

**{¶26}** The record further demonstrates that the original inventory filed with the probate court listed the assets of the estate in excess of $500,000. At the time Sarunas opened the estate, he sought to probate his mother's 1978 will, despite his testimony that he was aware that his mother had a later dated will. As the trial court found, Sarunas "really had no explanation for why he did not probate the most recent will [initially] but that he put it away for later."

**{¶27}** Further, Sarunas continued for three years to administer the 1978 will, despite his knowledge of the more recent 1993 will. By his own admission at the hearing, Sarunas sought to probate the 1993 will in 2013 after his brother, Vytautas, passed away in 2013, and Vivian, Vytautas' ex-wife, attempted to make a claim in this estate. Sarunas admitted that he sought to probate the 1993 will so that Vivian could not make a claim.

**{¶28}** The record also demonstrates the inconsistencies found by the trial court. In sum, the record shows that Sarunas presented conflicting positions: during a period of time he maintained that the sums of the Stifel account were solely his, and during another period of time he contended that the sums were part of his mother's estate. As found by the trial court, Sarunas testified at the hearing that the "IRS was attempting to collect taxes on a large sum of money allegedly belonging to him so he had to put the money somewhere and he put it in the Estate." But then in 2014, he represented in this estate action that the estate had no assets and was insolvent.

**{¶29}** In regard to the court's finding that Sarunas failed to protect the assets of the estate, the record supports that finding with Sarunas's inability to explain to the court how or why distributions were made from the estate to himself as a beneficiary (and an attempted distribution to Vytautas, as a beneficiary, before he died) and to his attorney for attorney fees.

**{¶30}** In light of all of the above, the trial court did not abuse its discretion in removing Sarunas as the fiduciary of the estate of his mother, Vlada. His first assignment

of error is therefore overruled.

{¶31} In his second assignment of error, Sarunas contends that the trial court could not remove him as fiduciary of Vlada's estate because it did not vacate the guardian's final accounting in the guardianship proceeding. That has nothing to do with the judgment appealed from, which presents the singular issue of whether the trial court abused its discretion in removing Sarunas as fiduciary of the estate. The second assignment of error is overruled.

{¶32} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Probate Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
MARY J. BOYLE, J., CONCUR