**PAULL, Estate of, In re: RUSSU, Executrix, Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21711.  Decided November 20, 1950.

Fred H. Mandel, Judson Herns, Cleveland, for plaintiff-appellee.

Davis, Davis & Handelman, Cleveland, for defendant-appellant.

## OPINION

By HURD, J:

This is an appeal on questions of law from an order of the Probate Court removing the appellant, Lucretia Russu, as Executrix of the estate of Henry Paull, deceased.  The principal ground of error assigned is the refusal of the court to hear evidence on the issues joined upon the application for removal and opening statements of counsel.

The record shows that the appellant is the sole devisee and the executrix named in the will of the decedent; that the State of Ohio through the Division of Aid for the Aged is the sole remaining creditor by reason of a judgment obtained against the executrix in the sum of $1904.40 for aid and assistance furnished during the lifetime of the decedent; that the only asset of the estate is a parcel of real property consisting of a single frame dwelling house located at 3068 Erin Avenue in the City of Cleveland, valued at $3000.00, according to the inventory and appraisal filed in the estate.

The application for removal of the executrix was filed by special counsel for the Attorney General of Ohio under the provisions of §10506-53 GC, ten days notice thereof having been given as required by law. It sets forth as the principal ground for removal "that she has been guilty of gross neglect of duty and inexcusable delay in closing the estate * * *;" that the partial account of the executrix did not contain a statement of funds collected by her as rental of the real estate and that the executrix has taken no steps to sell the real estate to pay the debts due.

The bill of exceptions shows that upon the hearing of the application for removal, the executrix appeared with counsel to defend against the charges made against her. Opening statements were made by counsel for the Attorney General and by counsel for the executrix.

The opening statement of special counsel for the Attorney General charged that no steps had been taken by the executrix to sell the real estate to pay the judgment, obtained by the Division of Aid for the Aged of the State and that the account of the executrix did not contain funds collected by her as rental of the real estate devised to her by will.

The opening statement of counsel for the executrix denied that there were any funds unaccounted for belonging to the estate, so that a sharp issue was made on this charge. Counsel admitted that proceedings to sell the real estate to pay the claim of the State had not been commenced but gave as the reason justifying the executrix in not proceeding with the sale "that at the time the motion was filed and for some time past he had been in negotiation with the Division of Aid for the Aged for a compromise settlement of the claim, in view of the fact that the value of the property is such that in a forced sale the creditor would not get the amount claimed by it and that a compromise settlement would be for the best interest of all concerned; that the first proposal made by him was rejected but he had made a further proposal to W. E. Lawler (representing the Division of Aid for the Aged of the State of Ohio) who agreed * * * that the Division of Aid for the Aged would not insist on a sale until the settlement proposal was exhausted and that he would notify * * * counsel for the executrix as soon as he had heard from his superior in Columbus; that it was understood with Mr. Lawler the land sale proceedings would be withheld until he notified counsel in order to save the hundreds of dollars of expense which would be incurred in a land sale proceeding." Counsel added that Mr. Lawler was present in court and that he would like to put him on the stand along with other witnesses and confirm his claim that the delay in com-

mencing land sale proceedings was for all practical purposes intended to serve the best interest of the estate. The Bill of Exceptions shows that the trial judge then stated that he would hear no witnesses on either side in view of the statements of counsel and thereupon ordered the removal of the executrix.

No grounds for removal are stated in the court's journal entry ordering the removal, other than "the court being fully advised in the premises finds that the statements contained in said application are true."

The sole question presented on this appeal is whether the court erred prejudicially to the rights of the appellant in refusing to hear evidence upon charges contained in the application for her removal as executrix.

At the out-set it should be noted that the allegations contained in the application for removal are not evidence, neither are the opening statements of counsel to be considered as evidence. Consequently, we must conclude that there was no evidence before the court in support of the application for removal upon which to base a judgment.

The applicable part of §10506-53 GC (as amended effective August 22, 1941) providing for resignation or removal of fiduciary reads as follows:

"The probate court at any time may accept the resignation of any fiduciary, upon his proper accounting, if such fiduciary was appointed by or is under the control of, or accountable to, such court.

"If a fiduciary fails to make and file an inventory in the manner and within the time required by law, or to render upon oath a just and true account of his administration at the time or times required by law, and if such failure continues for thirty days after he has been notified by the probate court of the expiration of such time, the fiduciary may forthwith be removed by the court and shall receive no allowance for his services unless the court enters upon its journal that such delay was necessary and reasonable.

"The probate court may remove any such fiduciary, he having not less than ten days' notice thereof, for habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."

Sec. 85, 18 O. Jur., Executors & Administrators pages 127, 128, contains in part the following statement:

"When an executor is once appointed, a removal cannot be had except for the reasons and upon the grounds set out in the statute and these alone, and in the manner prescribed.

Certain causes for the removal of executors or administrators are specified in the general statute as to fiduciaries. 'Habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the estate demands it, or any other cause authorized by law.'"

In support of the text, the case of Fox v. Keister, 6 O. N. P. 327, 9 O. D. 316, affirmed without opinion by the Circuit Court, is cited. In that case at page 327 the court states:

"Upon the filing of such application for removal, the court must give due notice that such application has been made and that such executor or administrator is required to appear and show cause why his authority should not be revoked. 21 Enc. of Law, 360, Note 1. And the court cannot remove such executor or administrator, unless such petitioner for the removal has fully established his cause by proper evidence."

In another opinion in the same case, involving the same parties reported at 6 O. N. P. 216, 8 O. D. (N. P.) 636 at pages 217, 218, the court says:

"It seems to me equally clear that when once appointed, a removal cannot be had except for the reasons and upon the grounds set out in the statute and these alone, and in the manner prescribed. This doctrine will be undisputed I think. It is so laid down in 1st Woerner, Sections 268, 271 and 272; and cases cited; and in the Encyclopedia of Law, under the title of Revocation, 21 Enc. of Law, 360, after the preliminary remarks, the authority says: 'The court cannot remove an executor or administrator without giving him due notice that an application for that purpose has been made to the court. He must, in most all states, be cited to appear to show cause why his authority shall not be revoked. And upon a hearing the petitioner must establish his case by proper evidence.' 21 Enc. of Law 362."

In the case of Estate of Justin Breckenridge, deceased, Vol. 7, Cir Ct. Rep. (N. S.) 86, in an opinion by Henry J, concurred in by Winch and Marvin, JJ, the court at page 88 says:

"It is urged, however, that the statute under consideration is remedial in its nature and should be liberally construed so that upon the mere suggestion of fraud, or, at least upon the proof of facts showing that there may arise a bona fide controversy or litigation of the sort contemplated by the statute, the executor may be removed and deprived of his vantage ground and the issue litigated before a court and jury as an adversary action in the same manner as other civil actions and subject to the same rules of evidence.

"We can not agree that the statute contemplates such an

ex parte or summary proceeding for an executor's removal.

"It must at least be made to appear that the claim made is on its face meritorious and the executor should be permitted to show, if he can, that it is without merit. Any other construction would be harsh and oppressive.

"We think the court below erred in excluding the evidence offered by the executor, and in concluding as a matter of law upon the facts found that there are unsettled claims and demands existing between said W. B. Durand and said estate which may be the subject of controversy or litigation between said Durand and said estate, or persons interested therein. For these errors the judgment of the common pleas court is reversed and the cause remanded for further proceedings."

It should be observed that since the rendition of the decisions in cases above cited and quoted, the statute has been amended to provide for the removal of a fiduciary if he fails to make and file an inventory in the manner and within the time provided by law as set forth in the second paragraph of §10506-53 GC supra. This ground is not set forth in the application for removal and was not assigned as a ground in the order of removal. In respect of the inventory and appraisal, the record shows that there was a delay in filing the inventory and appraisal. The record shows also that the court appointed three appraisers on March 24, 1947, including one J. H. Zinner and the court thereafter found on August 8, 1949, that said J. H. Zinner was unable to serve as such, and appointed another appraiser to take his place. After the appointment of the substitute appraiser the inventory and appraisal was filed August 22, 1949 and approved by the court.

In oral argument, counsel for appellee cited the case of **In Re Trust of Marshall, 78 Oh Ap 1,** which holds inter alia that a broad discretion is given the Probate Court in the removal of a fiduciary, under the provisions of §10506-53 GC, and emphasizes that a fiduciary may be removed "because the interest of the trust demands it." Undoubtedly this is a correct statement of the law but an examination of the opinion in that case clearly shows that the Probate Court heard evidence on the motion for removal and on the basis of that evidence entered an order removing the trustee. Whereas, in the instant case, the Probate Court refused to hear evidence. The opinion in that case by Wiseman, J, concludes:

"For this court to reverse the judgment of the trial court it would be incumbent upon this court to find that the trial

court **after hearing all of the evidence** abused its discretion in ordering the removal of the appellant." (Emphasis ours.)

We have heretofore alluded to the proposition that the executrix herein is the sole legatee and devisee under the will of decedent, and that the State of Ohio, through the Division of Aid for the Aged is the sole creditor. Other than its interest as a judgment creditor the State of Ohio has no interest in this estate. Once its claim or judgment is satisfied, settled or discharged, the assets of the estate are the sole property individually of the appellant. Under this factual situation we think the appellant was entitled to present evidence in support of her claim that her delay in commencing land sale proceedings of the single piece of real property appraised at only $3000.00 for a debt approximating $2000.00, was due to the agreement to that effect of the Division of Aid for the Aged, for the purpose of avoiding a forced sale of the real estate. Sec. 10506-53 GC provides for ten days notice for removal of a fiduciary on any of the specific grounds set forth in paragraph 3 of the statute and by clear implication contemplates a hearing, and a hearing contemplates that evidence shall be presented.

The situation here presented is most unusual in that one department of the state government, the office of Attorney General, and another department of the state represented by the Division of Aid for the Aged is in apparent conflict in respect of the procedure to be followed in the disposition or settlement of the only claim against this particular estate, if the proffer of proof on behalf of the executrix should be sustained.

Under these unusual circumstances as shown by the record it appears to us that a summary removal of the executrix without a hearing is not consonant with the applicable statutory provisions nor in accord with the weight of authority in Ohio.

For the reasons stated, we are of the opinion upon reason and authority that it was error prejudicial to the rights of the executrix, appellant herein, to cause her removal without according a hearing and the opportunity to present evidence on the issues joined.

The judgment will therefore be reversed and the cause remanded for further proceedings according to law. Exceptions. Order see journal.

SKEEL, PJ, McNAMEE, J, concur.