[Cite as *In re Estate of Hoppes*, 2014-Ohio-5749.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


IN THE MATTER OF THE ESTATE OF:    :

   JERRY NORMAN HOPPES    :    CASE NO. CA2014-04-007

       :    O P I N I O N
       12/30/2014

       :

       :


APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 11 PE 00247


Bricker & Eckler LLP, Karen M. Moore, Sommer L. Sheely, Victoria A. Flinn, 100 South Third Street, Columbus, Ohio 43215-4291, for appellee, Nancy A. Hoppes, Administrator of the Estate of Jerry Norman Hoppes, deceased

Roetzel & Andress, LPA, Stephen D. Jones, Erica L. Haupt, 155 East Broad Street, 12th Floor, Columbus, Ohio 43215, for Nancy A. Hoppes, individually

Kiger & Kiger, David V. Kiger, 132 South Main Street, Washington C.H., Ohio 43160, for appellants, Kyle Hoppes & J. Scott Hoppes


    **HENDRICKSON, P.J.**

    **{¶ 1}** Appellants, Kyle Hoppes and J. Scott Hoppes, the surviving sons and heirs of Jerry N. Hoppes (Jerry), appeal from the decisions of the Fayette County Court of Common Pleas, Probate Division, denying their motion to remove their stepmother, appellee, Nancy Hoppes (Nancy), as administrator of Jerry's estate and denying their request for additional

findings of fact and conclusions of law with respect to the denial of their motion for removal. For the reasons set forth below, judgment is affirmed in part, reversed in part, and the matter remanded for further proceedings.

## I. FACTS

{¶ 2} Jerry died intestate on October 14, 2011. At the time of his death, Jerry owned a 463-acre farm. His wife of fourteen years, Nancy, did not own any portion of the farm. Farm Credit Services of Mid-America had a mortgage on the farm. The mortgage secured a promissory note in the amount of $686,000 in favor of Farm Credit Services of Mid-America (the Farm Credit Note). The Farm Credit Note, executed in May 2009, was signed by both Jerry and Nancy, and the proceeds of the note were used to pay off debts that Jerry and Nancy had previously accumulated. The Farm Credit Note had not been paid in full at the time of Jerry's death.

{¶ 3} Following Jerry's death, Nancy applied to be appointed administrator of his estate. She was appointed administrator by the probate court on December 8, 2011. Appellants challenged the appointment and filed their own application to administer Jerry's estate. Specifically, appellants challenged Nancy's ability to serve as administrator given her liability on the Farm Credit Note, which was secured by a mortgage on the farm—the largest asset in Jerry's estate. Appellants contended that Nancy had a conflict in interest in serving as administrator because she had asserted that she owed no sums on the Farm Credit Note and that the debt should be allocated strictly to Jerry's estate.

{¶ 4} On December 27, 2011, the probate court issued an order vacating its December 8, 2011 entry appointing Nancy as administrator. The probate court then held a hearing on February 15, 2012 to consider the opposing applications to administer the estate and permitted the parties to submit briefs in support of their respective applications. Following receipt of the parties' briefs, the probate court issued an opinion appointing Nancy

- 2 -

as the administrator of Jerry's estate. In the court's March 6, 2012 entry, the court noted it had considered the "competing applications * * * testimony and memorandum of law" before holding as follows:

> The governing law is ORC 2133.06 which sets forth the order of priority in appointing administrators for an intestate estate. The statute gives priority to the surviving spouse unless the surviving spouse is found to be unsuitable to act as administrator. In the present case, the deceased [sic] two sons from a prior marriage argue that they are better suited than their step-mother and allege that their step-mother has a conflict of interest due to a dispute over who is responsible for indebtedness created during the marriage. The Court finds that the deceased's two sons have the same conflict as their step-mother in regard to the division of indebtedness.

{¶ 5} Thereafter, Nancy continued to perform her duties as administrator. In the course of performing these duties, Nancy discovered that Jerry's personal property was insufficient to pay his debts. Nancy, as the administrator of Jerry's estate, instituted a land sale proceeding to sell the farm. *See Nancy A. Hoppes, as Administrator of the Estate of Jerry N. Hoppes, Deceased v. Nancy Hoppes, et al.*, Fayette C.P. No. 11PC00247(A) (July 11, 2012). Appellants filed an answer, counterclaim, and cross-claim. Appellants asserted that Nancy, as a co-signor of the Farm Credit Note, owed the estate 100 percent of the debt remaining on the Note and owed other sums to the estate on a debt she shared with Jerry with respect to a credit card account. They also asserted that Nancy had a conflict of interest in administering the estate given her individual interest in the estate conflicted with her duties as administrator. Finally, appellants contended that as administrator, Nancy had incurred attorney fees in defending herself individually against her obligations to pay the debts, and that removal of Nancy as administrator was called for under such circumstances. In response to appellants' assertions, Nancy claimed that she had determined that the estate was 100 percent liable for the debts and that she was not personally liable for the Farm Credit Note as she had signed it as an accommodation party. A trial on the complaint,

counterclaim, and cross-claim was set for January 11, 2013.

{¶ 6} On January 10, 2013, appellants filed a motion seeking to have Nancy removed as administrator. Within this motion, appellants again asserted Nancy had a conflict in interest in administering Jerry's estate as she was individually liable on the Farm Credit Note. They further alleged that Nancy had neglected her duties in the administration of the estate as she continually failed to obtain and turn over financial records related to Jerry's estate and the proceeds of the Farm Credit Note. Appellants claimed Nancy "sat on her hands" and refused to collect all documents material to the administration of Jerry's estate.

{¶ 7} A bench trial was held on January 11, 2013. At this time, the parties stipulated that it was necessary to sell the real estate to pay Jerry's debt. Evidence was then presented on appellants' counterclaim and cross-claim to determine who was liable for the Farm Credit Note and other debts. Following the bench trial, the court ordered that the farm be sold. The court then issued a decision finding that the estate, as opposed to Nancy, was liable for the majority of the debt under the Farm Credit Note. Specifically, the court held that with the exception of a portion of the funds from the Farm Credit Note that were used to pay for a fitness facility that Nancy and Jerry had jointly purchased earlier in their marriage, Nancy was an accommodation party on the Farm Credit Note. The probate court found Nancy individually responsible for 50 percent of the portion of the debt attributable to the fitness facility (or $52,062.15), and found that Nancy was also individually responsible for one-half of the attorney fees attributable to the fitness facility (or $661). The probate court did not rule on appellants' requests to have Nancy removed as administrator.

{¶ 8} Appellants appealed the probate court's February 1, 2013 decision, raising two assignments of error. *See Hoppes v. Hoppes*, 12th Dist. Fayette No. CA2013-03-006, 2014-Ohio-447 (hereafter *Hoppes I*). First, appellants challenged the probate court's determination that with the exception of that portion of the loan attributable to the fitness business, Nancy

was otherwise an accommodation party to the $686,000 Farm Credit Note. *Id.* at ¶ 18. Second, appellants challenged the probate court's failure to rule on their motion to have Nancy removed as administrator. *Id.* at ¶ 34. This court ultimately affirmed in part, reversed in part, and remanded the case back to the probate court. *Id.* at ¶ 40. With respect to the Farm Credit Note, we found that probate court had properly determined that Nancy was an accommodation party to the Note, subject to a few exceptions. *See id.* at ¶ 19-31. We agreed with the probate court's determination that Nancy was individually liable for 50 percent of the portion of the debt attributable to the fitness facility and its related attorney fees, and further found that Nancy was also individually liable for a debt attributable to a vacation club time share that she co-owned with Jerry. *Id.* With respect to appellants' argument that the court erred by failing to rule on their motion that Nancy be removed as administrator, we determined that we lacked jurisdiction to address the issue. *Id.* at ¶ 38. Specifically, we held:

> [T]he removal of Nancy as administrator is a matter to be determined within the context of Jerry's estate as opposed to the trial of a civil action to determine if the estate's real property must be sold to pay the estate's financial obligations. Although the land sale proceeding is terminated, Jerry's estate is ongoing as it has not been fully administered and is thus still open. Therefore, the probate court retains its jurisdiction and the opportunity to rule on appellants' motion to remove Nancy as administrator. As such, there is no final appealable order with regard to the pending motion to remove Nancy as administrator and this court is without jurisdiction to address the issue further.

*Id.*

{¶ 9} On remand, the probate court found Nancy individually liable on the Farm Credit Note for $17,779.96 for the vacation club time share. The court then issued a decision on February 12, 2014 denying appellants' motion to remove Nancy as administrator of Jerry's

estate "for the same reasons as set forth in the Court's Judgment Entry of March 6, 2012."[1] Appellants filed a motion requesting findings of fact and conclusions of law for the denial of their motion.[2] On April 9, 2014, the probate court denied their request, stating that "additional findings of fact and conclusions of law were unnecessary as the Judgment Entry adopts the findings and conclusions of law set forth in the Court's Judgment Entry of March 6, 2012." Thereafter, on June 27, 2014, the probate court issued a Nunc Pro Tunc Judgment Entry correcting its February 14, 2014 entry denying appellants' motion to remove Nancy as administrator. The nunc pro tunc entry provided that the court "having considered the multiple motions to remove Nancy Hoppes as Administrator * * * and the testimony presented at the hearings held on February 15, 2012 and January 11, 2013, does hereby overrule said motions for the same reasons as set forth in the Court's Judgment Entry of March 6, 2012."

{¶ 10} Appellants timely appealed from the probate court's denial of their January 10, 2013 motion for removal and from the court's denial of their motion for findings of fact and conclusions of law, raising four assignments of error. For ease of discussion, we will address appellants' assignments of error out of order.

## II. ANALYSIS

{¶ 11} Assignment of Error No. 3:

{¶ 12} THE PROBATE COURT OF FAYETTE COUNTY, OHIO ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT IN ITS ENTRY FEBRUARY 12, 2014 [SIC] FAILED TO GIVE APPELLANTS A HEARING AND AN OPPORTUNITY TO

---

1. From the record, it appears as though the probate court treated appellants' January 10, 2013 motion to remove Nancy as administrator, which had been filed in the land sale proceeding (Case No. 11PC00247(A)) as though it had been properly filed in the case dealing with the administration of Jerry's estate (Case No. 11PE00247). For purposes of this appeal, we will also treat the motion as having been filed in Case No. 11PE00247.

2. The probate court's February 12, 2014 entry stated it was denying the "multiple motions" for removal filed by appellants. However, a review of the record demonstrates that the only pending motion for removal was the January 10, 2013 motion to remove Nancy as administrator.

- 6 -

PRESENT RELEVANT EVIDENCE ADDRESSING THE ALLEGED CONFLICTS OF INTEREST OCCURRING AFTER THE APPOINTMENT OF THE ADMINISTRATOR.

{¶ 13} In their third assignment of error, appellants contend the probate court erred by failing to conduct a hearing on their January 10, 2013 motion to remove Nancy as administrator. Appellants assert that they were denied the opportunity to present evidence demonstrating that Nancy had a conflict of interest in administering Jerry's estate and that she had failed to perform her duties as administrator.

{¶ 14} The administrator of a decedent's estate is a fiduciary, and R.C. 2109.24 and R.C. 2113.18 provide the statutory basis for the removal of a fiduciary. *Hoppes I*, 2014-Ohio-447 at ¶ 36, citing *In re Estate of Phelps*, 7th Dist. Jefferson No. 05 JE 19, 2006-Ohio-890, ¶ 13. R.C. 2113.18(A) provides that "[t]he probate court may remove any executor or administrator if there are unsettled claims existing between the executor or administrator and the estate that the court thinks may be the subject of controversy or litigation between the executor or administrator and the estate or persons interested in the estate." Furthermore, pursuant to R.C. 2109.24, a court "may remove any fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law."

{¶ 15} R.C. 2109.24 requires that a fiduciary be given ten days' notice before removal is allowed. "Courts have held that the requirement of the ten days' notice implies that the fiduciary is entitled to a hearing and that it is error for a court to deny a fiduciary the opportunity to present evidence and witnesses in defense of a motion for removal." *In re Wiethe v. Beaty*, 12th Dist. Warren CA99-09-111, 2000 WL 1725380, *5 (Nov. 20, 2000), citing *In re Estate of Paull*, 90 Ohio App. 403, 408 (8th Dist.1950). However, the purpose of

a hearing is to allow the fiduciary to respond to the motion for removal and to present evidence in his defense. *Id.* When the individual seeking a hearing is not the fiduciary, but rather the person seeking removal of the fiduciary, a trial court is not required to hold a hearing. *See id.* ("While a fiduciary has a right to defend his removal, we find that the trial court is not required to hold a hearing if it determines removal of the fiduciary is not warranted by the motion"). The court may deny the motion for removal without a hearing where the motion and documentary evidence presented demonstrate that removal is unwarranted. *Id.*; *see also In re Trust Estate of CNZ Trust*, 9th Dist. Lorain No. 06CA008940, 2007-Ohio-2265, ¶ 18-20.

{¶ 16} We find that the probate court did not abuse its discretion by electing to not hold a hearing on appellants' motion for removal. Pursuant to this court's holding in *Beaty*, the probate court was not required to hold a hearing as Nancy, the fiduciary, did not request a hearing and the court had before it sufficient evidence to rule on the motion. *Beaty*, 2000 WL 1725380 at *5.

{¶ 17} Here, appellants' sought removal of Nancy within their counterclaim and by filing the January 10, 2013 motion for removal. The reasons for removal set forth in appellants' January 10, 2013 motion were nearly identical to the allegations and assertions set forth in appellants' counterclaim against Nancy—both the counterclaim and the motion asserted Nancy had a conflict in interest in administering the estate given her position that she was an accommodation party to the Farm Credit Note. The January 10, 2013 motion, however, contained additional allegations that Nancy had failed to obtain and provide appellants financial records relating to Jerry's estate and the distribution of the proceeds of the Farm Credit Note. When the bench trial on appellants' counterclaim was held on January 11, 2013, the probate court heard testimony and argument relevant to both the allegations set forth in appellants' counterclaim and the allegations set forth in the January 10, 2013

motion for removal. Specifically, in determining whether Nancy was an accommodation party to the Farm Credit Note, the court heard testimony and argument regarding whether Nancy's position conflicted with the administration of Jerry's estate. Furthermore, the court also heard evidence and argument regarding Nancy's alleged failure to diligently pursue financial records related to the estate and the proceeds of the Farm Credit Note. For instance, appellants' attorney argued the following to the court:

> And so we have again been struggling on behalf of the heirs of the estate to understand why [Nancy] doesn't go out and find out what was charged on the Bank of America. Why she doesn't find out what was charged in Chase. Why she doesn't go out and get a complete picture of the Merchant's Bank loans. Why she doesn't get the checking account records for Jerry Hoppes to see exactly how the money was spent. * * * We feel that Nancy Hoppes as administrator had a duty to go out, if she'd [sic] going to say to Kyle and Scott I'm sorry you're not you, as two thirds heir of the estate are going to bear my portion of the debt which I signed, here's a complete picture of why [sic]. Okay I think the testimony today is, is relatively clear that Nancy didn't go out and search for the documents.

{¶ 18} We find that given the arguments and evidence the probate court had before it at the time it ruled on the January 10, 2013 motion for removal, which included the testimony and evidence from the July 11, 2013 bench trial, the court had before it sufficient evidence to determine that an additional evidentiary hearing was unnecessary. Accordingly, under the facts of this case, we conclude that the probate court did not abuse its discretion in ruling on the motion to remove Nancy as administrator without holding an additional evidentiary hearing.

{¶ 19} Appellants' third assignment of error is, therefore, overruled.

{¶ 20} Assignment of Error No. 4:

{¶ 21} THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FAILED AND REFUSED TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW TO SUPPORT ITS ENTRY OF APRIL 9, 2014 AND FAILED TO

GIVE APPELLANTS AN OPPORTUNITY PURSUANT TO CIVIL RULE 52 TO SUBMITS [SIC] THEIR OWN FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR THE COURT'S CONSIDERATION.

{¶ 22} In their fourth assignment of error, appellants contend the probate court erred when it denied their request for findings of fact and conclusions of law with respect to the court's February 12, 2014 entry denying their motion to have Nancy removed as administrator of the estate. Appellants assert that the probate court was required, pursuant to Civ.R. 52, to make such findings and the failure to do so resulted in reversible error. Nancy, however, contends that the probate court was not required to make additional findings of fact and conclusions of law as the court provided its basis for the denial of the motion for removal when it "re-incorporat[ed] [the] reasons set forth in its March 6, 2012 Judgment Entry."

{¶ 23} Civ.R. 52 provides, in relevant part, as follows:

> When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

> When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of fact and conclusions of law made by the court shall form part of the record.

{¶ 24} The Ohio Supreme Court has held that when questions of fact are tried to a court without the intervention of a jury, the trial court has a mandatory duty under Civ.R. 52 to issue findings of fact and conclusions of law when a party makes a timely request. *Katko v. Bauer*, 12th Dist. Clermont No. CA2001-10-082, 2002-Ohio-4127, ¶ 14, citing *State ex rel.*

*Papp v. James*, 69 Ohio St.3d 373, 377 (1994). "The purpose of [Civ.R. 52] is therefore clear: to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment." *Werden v. Crawford*, 70 Ohio St.2d 122, 124 (1982). "Generally, * * * the findings and conclusions must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law." *Kroeger v. Ryder*, 86 Ohio App.3d 438, 442 (6th Dist.1993).

{¶ 25} Here, appellants timely moved for findings of fact and conclusions of law.[3] The probate court, rather than issuing findings of fact and conclusions of law, denied appellants' motion on the basis that "additional findings of fact and conclusions of law [were] unnecessary as the Judgment Entry adopts the findings and conclusions of law set forth in the Court's Judgment Entry of March 6, 2012." The court's March 6, 2012 Judgment Entry, however, merely appointed Nancy as administrator of Jerry's estate following a discussion of R.C. 2113.06 and the statute's preference for appointing the surviving spouse of the deceased as administrator unless the surviving spouse is unsuitable. The March 6, 2012 entry does not discuss, or even mention, either of the statutes governing the removal of a fiduciary, R.C. 2109.24 and R.C. 2113.18; nor does the March 6, 2012 entry address the asserted shortcomings in Nancy's administration of the estate. The court, therefore, could not have relied on the findings set forth in the March 6, 2012 entry as the basis for its denial of appellants' January 10, 2013 motion for removal as the March 6, 2012 entry focused on an inapplicable statute.

{¶ 26} The court's February 12, 2014 entry denying appellants' motion for removal is

---

3. The probate court rendered its decision denying the motion to remove on February 12, 2014. The court's decision was sent to appellants by regular mail on February 14, 2014. Appellants timely filed their motion for finding of facts and conclusions of law on February 24, 2014. *See* Civ.R. 52 and Civ.R. 6(D).

general in nature. The court's failure to provide findings of fact or conclusions of law prevents us from making a determination as to the propriety of its decision. *See Gaillard v. Gill Constr. Co.*, 6th Dist. Ottawa No. OT-11-029, 2012-Ohio-4992, ¶ 18-20; *In re Estate of Lilley*, 12th Dist. Warren Nos. CA2005-08-091, CA2005-08-092, CA2005-08-095, and CA2005-08-096, 2006-Ohio-5510, ¶ 6-7.

{¶ 27} Accordingly, for the reasons set forth above, we find that the probate court erred by failing to make findings of fact and conclusions of law as required by Civ.R. 52. Appellants' fourth assignment of error is, therefore, sustained. Judgment is reversed and the matter is remanded to the probate court with instructions to make written findings of fact and conclusions of law and to enter judgment consistent with those findings of fact and conclusions of law.

{¶ 28} Assignment of Error No. 1:

{¶ 29} THE PROBATE COURT OF FAYETTE COUNTY, OHIO, COMMITTED PREJUDICIAL ERROR AS A MATTER OF LAW WHEN IT DENIED APPELLANTS' MOTION TO REMOVE NANCY A. HOPPES AS ADMINISTRATOR OF THE DECEDENT JERRY N. HOPPES, WHEN AS A SURVIVING SPOUSE SHE ASSERTED A CLAIM FOR HERSELF AS ADMINISTRATOR, THAT AS A SPOUSE SHE WAS ONLY AN ACCOMMODATION MAKER ON A PROMISSORY NOTE AND MORTGAGE OF $600,000 TO FARM CREDIT OF MID-AMERICA, ATTEMPTING TO SHIFT THE BURDEN OF DEBT FROM HERSELF TO THE ESTATE, THUS CREATING AN UNSETTLED CLAIM BETWEEN HERSELF AND THE ESTATE.

{¶ 30} Assignment of Error No. 2:

{¶ 31} THE PROBATE COURT OF FAYETTE COUNTY, OHIO COMMITTED PREJUDICIAL ERROR AS A MATTER OF LAW WHEN IT DENIED APPELLANTS [SIC] MOTION TO REMOVE NANCY A. HOPPES AS ADMINISTRATOR OF THE ESTATE OF

- 12 -

JERRY N. HOPPES, WHEN AS SURVIVING SPOUSE AND AS ADMINISTRATOR SHE USED ESTATE FUNDS TO SUPPORT HER CLAIM AS A SPOUSE TO BE AN ACCOMMODATION MAKER TO A NOTE TO FARM CREDIT MID-AMERICA, WHICH WAS IN DIRECT CONFLICT TO THE BEST INTEREST OF THE ESTATE AND IN DIRECT CONFLICT WITH HER DUTIES AS ADMINISTRATOR OF HER DECEASED HUSBAND'S ESTATE AND THE HEIRS OF THE ESTATE.

{¶ 32} In their first and second assignments of error, appellants challenge the denial of their January 10, 2013 motion to have Nancy removed as administrator. In light of our disposition of appellants' fourth assignment of error, we find appellants' first and second assignments of error to be rendered moot.

### III. CONCLUSION

{¶ 33} Judgment affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this opinion.

PIPER and M. POWELL, JJ., concur.