[Cite as *In re Guardianship of Bernie*, 2019-Ohio-334.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| IN THE MATTER OF<br>THE GUARDIANSHIP OF: | : | |
| | : | CASE NO. CA2018-01-005 |
| WILLIAM A. BERNIE | : | O P I N I O N<br>2/4/2019 |
| | : | |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. PG15-09-0127

Charles H. Bartlett, Jr., 917 Main Street, Suite 300, Cincinnati, Ohio 45202, for appellant, Marlene Penny Manes

Wood and Lamping, LLP, Jennifer Griffin Anstaett, Jeffrey R. Teeters, 600 Vine Street, Suite 2500, Cincinnati, Ohio 45202, for appellee, Howard Bernie

**PIPER, J.**

{¶ 1} Appellant, Marlene Penny Manes ("Penny"), appeals a decision of the Butler County Court of Common Pleas, Probate Division, denying her motion to remove the guardian previously appointed by the court for William Bernie ("Bill"), or, in the alternative, to have the guardian show cause for denying her visitation with Bill.

{¶ 2} According to Penny, she and Bill had been in a romantic relationship for approximately eight years when Bill contracted encephalitis. The virus immediately impacted

Bill's cognitive function, and within days, Bill was declared incapable of controlling his affairs. Because of his illness and its effects, Bill spent time in medical facilities and was eventually moved to a nursing home. Bill continues to require and receive 24-hour care.

{¶ 3} Bill executed a general power of attorney and a health care power of attorney in the years prior to his contracting encephalitis, which gave authority to his siblings over his affairs and healthcare. Appellee, Howard Bernie ("Howard"), another of Bill's brothers, and Penny eventually filed competing applications to be named Bill's guardian.[1] The probate court held a hearing and thereafter granted Howard's application for guardianship and denied Penny's application, finding that appointing Howard as guardian was in Bill's best interest.

{¶ 4} Howard, with the agreement of other family members, had Bill moved from a nursing facility in Mason, Ohio, to an apartment in a Butler County luxury community that services seniors. Bill's move to the apartment in Butler County caused a disagreement between Penny and Bill's family because Penny believed it was best for Bill to move to a home he maintained in Florida. Penny and Howard were unable to communicate effectively given their disagreement, and Penny was later denied the ability to visit Bill at the apartment complex. Penny then filed a motion to remove Howard as guardian or in the alternative, to show cause why she was no longer permitted to visit Bill. Penny further claimed that Bill's family was denying him the ability to experience social, cultural, and religious opportunities by denying his visitation with other people.

{¶ 5} The probate court held an evidentiary hearing on Penny's motion and later denied it. Penny now appeals the probate court's denial of her motion, raising the following assignments of error.

---

1. Penny maintains that she only moved for limited guardianship of Bill. However, whether the request was for full or limited guardianship, we address the same legal issues given the probate court's decision that Howard, not Penny, was the proper guardian.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE PROBATE COURT COMMITTED REVERSIBLE ERROR WHEN IT REFUSED TO ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW WHEN PROPERLY AND TIMELY MOVED TO DO SO UNDER CIV. R. 52.

{¶ 8} Penny argues in her first assignment of error that the probate court erred by not issuing findings of fact and conclusions of law in response to her motion.

{¶ 9} Civ.R. 52 provides, in relevant part, as follows:

> When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

{¶ 10} The Ohio Supreme Court has held that the trial court's duty to issue findings of fact and conclusions of law is mandatory when such request complies with Civ.R. 52. *Katko v. Bauer*, 12th Dist. Clermont No. CA2001-10-082, 2002-Ohio-4127. The purpose of Civ.R. 52 is to aid the appellate court in "reviewing the record and determining the validity of the basis of the trial court's judgment." *Werden v. Crawford*, 70 Ohio St.2d 122, 124 (1982). Thus, the findings and conclusions must articulate an adequate basis upon which the appellant can mount a challenge. *In re Estate of Hoppes*, 12th Dist. Fayette No. CA2014-04-007, 2014-Ohio-5749. The findings and conclusions must also be sufficient enough that the appellate court can determine how the lower court resolved disputed factual issues and how the lower court applied the law. *Id.*

{¶ 11} The record indicates that the probate court offered sufficient findings of fact and conclusions of law to allow this court a meaningful review. Penny argues that there were no facts cited or references made to evidence presented at the hearing. However, the probate

court issued a decision in which it explains its reasoning for denying Penny's motion. The probate court detailed conclusions made by an evaluator previously ordered by the court to determine Bill's need for a guardian. The evaluator detailed Bill's inability to oversee his own affairs and Bill's need for care given the severe impairment of his adaptive functioning. The evaluator also determined that Bill was "dependent upon others 100% for management of basic living needs."

{¶ 12} The probate court also included several pages of rules regarding the proper appointment of guardians and what duties guardians hold once appointed. The probate court found that no evidence had been presented at the hearing to prove Penny's concerns that Howard was not caring for Bill properly. Moreover, the probate court specifically found that Howard's decisions regarding Bill's care had been made in "good faith" and in furtherance of what Howard believed to be in Bill's best interest.

{¶ 13} The probate court also addressed Penny's specific complaint about Howard not allowing her to see Bill. The probate court found that Howard's decision to terminate Penny's visits with Bill was based on a "variety of reasons," including Bill's medical problems and the inability of Penny and Howard to communicate effectively.

{¶ 14} While the probate court did not address each witness who testified at the hearing or each piece of evidence admitted, this court is able to conduct a meaningful review of the issues as they relate to Penny's assignments of error and her arguments on appeal. Thus, we find that the probate court's findings of fact and conclusions of law are sufficient and the court did not fail to present its findings and conclusions. Penny's first assignment of error is, therefore, overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE ENTRY AND ITS UNDERLYING OPINION IS NOT A FINAL APPEALABLE ORDER WHEN A PROBATE COURT HAS CONTINUING JURISDICTION

- 4 -

OVER ACTIONS OF GUARDIANS APPOINTED BY THAT COURT, AND REMAINS THE "SUPERIOR" GUARDIAN TO WHOM THE OTHER GUARDIANS ARE REQUIRED TO REPORT.

{¶ 17} Penny argues in her second assignment of error that the probate court's decision was not a final appealable order.

{¶ 18} Penny argues that the order from which she appealed is not final because the probate court has scheduled additional hearings since the time of her notice of appeal. However, this court has determined multiple times that Penny's appeal specific to her motion to remove Howard and/or show cause regarding visitation may proceed and the probate court's order denying Penny's motion is final.

{¶ 19} Specifically, during the pendency of the appeal, Penny asked this court to remand the cause to the probate court with instructions for the probate court to issue findings of fact and conclusions of law and to "clarify the final appealable order status" of the order appealed from.[2] Penny is now essentially rearguing the merits of the previous motion she filed with this court. That motion was denied, and this court made the specific determination that the probate court's order was final.

{¶ 20} Nothing within the appellate briefs or oral arguments to this court have changed our previous ruling on the matter. As specifically noted in the previous entry denying Penny's motion to remand, this court remains satisfied that the order appealed from is a final appealable order. Penny's second assignment of error is overruled.

{¶ 21} Because Penny's final two assignments of error are interrelated, we will address them together.

---

2. As determined within the first assignment of error, the probate court already issued sufficient findings of fact and conclusions of law to permit our meaningful review of the assignments of error Penny has submitted on appeal.

{¶ 22} Assignment of Error No. 3:

{¶ 23} IT IS REVERSIBLE ERROR FOR A PROBATE COURT TO FIND THAT RULES OF SUPERINTENDENCE GOVERNING ITS RESPONSIBILITIES, AND THAT OF ITS GUARDIANS TO ITS WARDS PRESENT SOME DIRECTION, BUT ARE NOT MANDATORY.

{¶ 24} Assignment of Error No. 4:

{¶ 25} IT IS REVERSIBLE ERROR FOR A PROBATE COURT TO MISTAKENLY FOCUS ON WHETHER THE "INTERESTED PARTY" HAD LEGAL RIGHTS AND NOT ADDRESS WITH SPECIFICITY THE ACTIONS OF THE GUARDIAN IN REGARD TO THE ENUNCIATED LEGAL RIGHTS OF THE WARD.

{¶ 26} Penny argues in her third and fourth assignments of error that the probate court erred by not considering the Superintendence Rules mandatory and by not finding Howard in violation of the rules.

{¶ 27} The Superintendence Rules are administrative directives only and do not function as, or have the force of, law in the same manner as rules of practice and procedure. *Pettit v. Pettit*, 12th Dist. Fayette No. CA2011-08-018, 2012-Ohio-1801. Instead, the Superintendence Rules are internal "housekeeping rules" of concern to judges but create no rights in individual defendants. *Id*. at ¶ 12 quoting *State v. Gettys*, 49 Ohio App.2d 241, 243 (3d Dist.1976). As such, a violation of the Superintendence Rules is not grounds for reversal on appeal. *In re B.K.*, 12th Dist. Butler No. CA2010-12-324, 2011-Ohio-4470.

{¶ 28} Despite Penny's arguments that the probate court erred by not removing Howard as guardian for his violation of several Superintendence Rules regarding a

guardian's duties, we find no such error. The Superintendence Rules do not carry the force of law, and are administrative directives that do not provide a ground for reversal.[3]

{¶ 29} Even so, the record does not support Penny's arguments that the rules were violated. For example, Penny argues that Howard has failed to uphold Sup.R. 66.09(E), which states that a guardian "shall strive to foster and preserve positive relationships in the ward's life unless such relationships are substantially harmful to the ward." While Penny believes that her relationship with Bill is positive, the probate court specifically determined that Penny's visits had been suspended for various reasons, including Bill's medical concerns and Penny's inability to communicate with Bill's family. Either or both of these circumstances create a situation that could harm Bill by creating strife or placing him in a position where his medical needs were secondary to Penny's desire for visits. Thus, Howard was within his right as guardian to suspend visitation and he did not violate Sup.R. 66.09(E).

{¶ 30} Moreover, when the evaluator asked Bill about his current relationships, Bill never named Penny as a person with whom he had a relationship despite being asked multiple times and in multiple ways. Nor did Bill include Penny in the list of "important people in his life" when asked by the evaluator, including only his family and a few close friends instead. When asked upon whom he relied for advice and support, Bill did not include Penny in his answer.

{¶ 31} There seems to be no doubt that Penny cares for Bill. However, the probate court specifically found that Howard was the proper guardian for Bill, not Penny, based on Bill's best interests. Even in the days before Bill's unfortunate debilitation, Bill chose his family as power of attorneys and did not change those directives to include Penny. While

---

3. For example, Sup.R. 77, which is specific to probate courts, provides that failure to comply with the rules may result in sanctions imposed by the courts. The sanctions rule, however, does not indicate that failure to comply permits a legal cause of action or grounds for appellate reversal.

Penny clearly disagrees with the decisions made by Howard as Bill's guardian, Howard remains Bill's appointed guardian as designated by the probate court.  The Superintendence Rules do not change the appointment or provide Penny with legal recourse in the matter. Penny's third and fourth assignments of error are, therefore, overruled.

**{¶ 32}** Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.